UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Las Americas Immigrant Advocacy Center, *et al.*, | ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) ) | Case No. 1:19-cv-3640-KBJ |
| Chad F. Wolf, *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANTS' REPLY TO PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL FACTS AND DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS**

This is a case seeking review of substantive agency action under the Administrative Procedure Act (APA). Under Local Rule 7(h)(2), in such cases, motions for summary judgment need not be accompanied by a separate "statement of material facts as to which the moving party contends there is no genuine issue." LCvR 7(h)(1). Instead, "[i]n such cases, motions for summary judgment and oppositions thereto shall include a statement of facts with references to the administrative record." LCvR 7(h)(2); *see also Sierra Club v. Mainella*, 459 F. Supp. 2d 76, 90 (D.D.C. 2006) (summary judgment "serves as the mechanism for deciding, as a matter of law, whether agency action is . . . consistent with the APA standard of review").

Accordingly, when a party seeks review of agency action under the APA," the usual summary judgment standard does not apply and "the district judge" instead "sits as an appellate tribunal." *Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001). There is no factual "record" in such a case, other than the administrative record before the agency. *See, e.g.*, *IMS, P.C. v. Alvarez*, 129 F.3d 618, 623 (D.C. Cir. 1997) ("It is a widely accepted principle of administrative law that the courts base their review of an agency's actions on the materials that

1

were before the agency at the time its decision was made."); *Gore v. D.C.*, 67 F. Supp. 3d 147, 151 (D.D.C. 2014) ("Contrary to Plaintiff's contention, parties are not required to submit a statement of undisputed materials facts in cases where 'judicial review is based solely on the administrative record.'").

Nevertheless, paragraphs 1-71 of Plaintiffs' Statement of Undisputed Material Facts (ECF No. 35-2) contains assertions of material fact, citing both the record in this case, and extra-record materials. Such extra-record materials are not properly before the court. *See, e.g.*, *IMS, P.C. v. Alvarez*, 129 F.3d 618, 623 (D.C. Cir. 1997) ("It is a widely accepted principle of administrative law that the courts base their review of an agency's actions on the materials that were before the agency at the time its decision was made."). And with respect to Plaintiffs' citation to the administrative record, "parties are not required to submit a statement of undisputed materials facts in cases where judicial review is based solely on the administrative record." *Gore v. D.C.*, 67 F. Supp. 3d 147, 151 (D.D.C. 2014).

To the extent Plaintiffs' Statement of Material Facts makes representations about alleged facts contained in the administrative record or characterizations of the guidance at issue in this case, the record and the guidance speak for themselves, and, as such, Defendants need not provide any counter statement. For any other asserted facts in Plaintiffs' Statement relating to subjects outside the administrative record or otherwise consisting of argumentation or facts not related to the justiciability issues in this case, specifically paragraphs 1-71, Defendants dispute Plaintiffs' characterization of them as undisputed material facts and generally deny all such assertions by Plaintiffs.

Plaintiffs also make assertions concerning the individual Plaintiffs and the organizational Plaintiff Las Americas at paragraphs 72-94 and 96-121 of their Statement. To the extent these

allegations impact anything other than Article III standing, these assertions are irrelevant to resolution of a motion for summary judgment in a record case. *See, e.g.*, *IMS, P.C.*, 129 F.3d at 623; *Chesapeake Climate Action Network v. Export-Import Bank of the U.S.*, 78 F. Supp. 3d 208, 217 (D.D.C. 2015). Moreover, to the extent these assertions may have been relevant to resolving the irreparable harm or balance of equities portions of Plaintiffs' motion for preliminary injunction, the parties' present cross-motions for summary judgment "moot[] the Court's consideration of the preliminary injunctive factors because the Court will enter judgment on the merits." *Children's Hosp. Ass'n of Texas v. Azar*, 300 F. Supp. 3d 190, 202 (D.D.C. 2018), *rev'd on other grounds*, 933 F.3d 764 (D.C. Cir. 2019). To the extent Plaintiffs' assertions at paragraphs 72-94 and 96-121 go to Article III standing, Defendants dispute those characterizations as undisputed material facts and generally deny all such assertions.

In paragraph 95 of their Statement, Plaintiffs assert that the individual Plaintiffs all "received a negative credible fear determination and were removed to their home countries." ECF No. 35-2, ¶ 95. Defendants agree that this fact is undisputed.

Defendants' contemporaneously filed Opposition to Plaintiffs' Motion for Summary Judgment and Defendants' Cross-Motion for Summary Judgment includes citations to the administrative record. Defendants also submit the following statement of facts in support of their justiciability arguments. *See, e.g.*, *Chesapeake Climate Action Network*, 78 F. Supp. 3d at 217 ("Although judicial review of agency action is typically confined to the administrative record, where there is not sufficient evidence of standing in the record because the question was not before the agency, plaintiffs may submit extra-record evidence to establish standing.").

1. <u>A.R.R.D. and L.E.R.D.</u>: A.R.R.D. and her son L.E.R.D., citizens of El Salvador, illegally crossed the border from Mexico without inspection or admission near El Paso, Texas, on

October 8, 2019. A.R.R.D. I-213 at 1-2. That same day, U.S. Border Patrol agents apprehended A.R.R.D. and L.E.R.D. (collectively, A.R.R.D.) and took them to the El Paso Border Patrol Station for processing. A.R.R.D. I-213 at 3.

2. The following day, on October 9, 2019, A.R.R.D. was served with a Notice and Order of Expedited Removal after she was determined to be inadmissible as an immigrant who lacked valid entry documents as required by the Immigration and National Act (INA). A.R.R.D. I-860. A.R.R.D. expressed a fear of persecution or torture if returned to El Salvador, and thus she was referred for a credible-fear interview. A.R.R.D. I-213 at 3; A.R.R.D. I-867A at 2; A.R.R.D. I-867B. Accordingly, A.R.R.D. received a copy of Form M-444 in Spanish explaining the credible-fear process, and a copy of a pro bono legal services providers list. A.R.R.D. M-444; A.R.R.D. I-870 at 1; A.R.R.D. I-213 at 3.

3. A.R.R.D. alleges that on October 11, 2019, she was given an opportunity to call anyone she wanted, including attorneys on the pro bono list. ECF No. 21-5, A.R.R.D. Decl., ¶ 13. A.R.R.D. says that she tried to call several of the attorneys but that no one answered. ECF No. 21-5, A.R.R.D. Decl., ¶ 13. A.R.R.D. says that she was able to talk to her sister-in-law in the United States. ECF No. 21-5, A.R.R.D. Decl., ¶ 13.

4. On October 12, 2019, an asylum officer interviewed A.R.R.D., through an interpreter, for nearly two-and-a-half hours. A.R.R.D. I-870 at 1. At the beginning of the interview, A.R.R.D. stated that she understood the interpreter, that she was comfortable being interviewed in Spanish, and that she spoke a little bit of English. A.R.R.D. CFI Notes at 1. The asylum officer then explained that the interview would be confidential and placed A.R.R.D. under oath. A.R.R.D. CFI Notes at 1-2. A.R.R.D. confirmed that she had received the Form M-444 explaining the credible-fear process and that she understood the

information contained in that form. A.R.R.D. CFI Notes at 2. A.R.R.D. also stated that she had received the list of pro bono attorneys and then twice confirmed that she wanted to continue the interview at that time by herself without an attorney present. A.R.R.D. CFI Notes at 2. The interpreter explained the purpose of the interview, and A.R.R.D. confirmed that she understood and that she was comfortable proceeding with the interview with her child in the room. A.R.R.D. CFI Notes at 3. A.R.R.D. told the asylum officer that she was feeling "good" because she felt "safe" "right here." A.R.R.D. CFI Notes at 3. A.R.R.D. also stated that she was being treated "good" in the detention facility and that she did not have any medical problems or concerns. A.R.R.D. CFI Notes at 3.

5. During the interview, A.R.R.D. acknowledged that she had traveled through Guatemala and Mexico on her way to the United States but had not applied for asylum in those countries. A.R.R.D. CFI Notes at 4. Accordingly, the asylum officer explained to A.R.R.D. that she was barred from asylum pursuant to 8 C.F.R. § 208.13(c)(4), but that the interview would continue to determine if she had a reasonable fear of persecution or torture to consider a statutory claim for withholding of removal or for CAT protection. A.R.R.D. CFI Notes at 4-5. The asylum officer continued the interview regarding the merits of A.R.R.D.'s claims. A.R.R.D. CFI Notes at 5-14. At the end of the interview, A.R.R.D. and the interpreter confirmed again that they had understood each other during the interview. A.R.R.D. CFI Notes at 14.

6. After the interview, the asylum officer determined that A.R.R.D. had not demonstrated a reasonable fear of persecution or torture, and a supervisory asylum officer approved that decision. A.R.R.D. I-870 at 4-5. On October 14, 2019, A.R.R.D. requested that an immigration judge review that determination. A.R.R.D. I-869A. Accordingly, A.R.R.D.

received Form I-863, Notice of Referral to Immigration Judge, the contents of which were read and explained to A.R.R.D. in Spanish. A.R.R.D. I-863 at 1-2. The Notice of Referral explains that A.R.R.D. may be "represented in this proceeding, at no expense to the government," and that A.R.R.D. "may consult with a person or persons of your own choosing prior to your appearance in Immigration Court," provided that the "consultation is at no expense to the government and may not unreasonably delay the process." A.R.R.D. I-863 at 2.

7. On October 16, 2019, an immigration judge took A.R.R.D.'s testimony and ultimately affirmed DHS's negative reasonable-fear determination. A.R.R.D. Order of the IJ. Accordingly, A.R.R.D. was ordered removed, A.R.R.D. I-860, and A.R.R.D. and L.E.R.D. were removed to El Salvador on October 21, 2019, A.R.R.D. I-296.

8. <u>A.S.C.R., K.M.V., and F.B.G.C.</u>: A.S.C.R., her husband K.M.V., and their daughter F.B.G.C., citizens of El Salvador, illegally crossed the border from Mexico without inspection or admission near El Paso, Texas, on October 8, 2019. A.S.C.R. I-213 at 1-2; K.M.V. I-213 at 1-2. That same day, U.S. Border Patrol agents apprehended A.S.C.R., K.M.V., and F.B.G.C. (collectively, A.S.C.R. and K.M.V.), and took them to the El Paso Border Patrol Station for processing. A.S.C.R. I-213 at 3; K.M.V. I-213 at 3.

9. The following day, on October 9, 2019, A.S.C.R. and K.M.V. each were served with a Notice and Order of Expedited Removal after they were determined to be inadmissible as immigrants who lacked valid entry documents as required by the INA. A.S.C.R. I-860; K.M.V. I-860. A.S.C.R. and K.M.V. each expressed a fear of persecution or torture if returned to El Salvador, and thus they were referred for a credible-fear interview. A.S.C.R. I-213 at 3; A.S.C.R. I-867A at 2; A.S.C.R. I-867B; K.M.V. I-213 at 3; K.M.V. I-867A at 2;

K.M.V. I-867B. Accordingly, A.S.C.R. and K.M.V. each received a copy of Form M-444 in Spanish explaining the credible-fear process, and a copy of a pro bono legal services providers list. A.S.C.R. M-444; A.S.C.R. I-870 at 1; A.S.C.R. I-213 at 3; K.M.V. M-444; K.M.V. I-870 at 1; K.M.V. I-213 at 3.

10. In their initial declarations, A.S.C.R. and K.M.V. each alleged that they "never had an opportunity to speak with counsel before the credible fear screening process." ECF No. 21-7, A.S.C.R. Decl., ¶ 10; ECF No. 21-7, K.M.V. Decl., ¶ 10. But in A.S.C.R.'s supplemental declaration filed with Plaintiffs' motion for summary judgment, she admits that she did have the opportunity to make phone calls, including to attorneys on the pro bono list. ECF No. 35-6, A.S.C.R. Supp. Decl., ¶ 13. A.S.C.R. says that she tried to call only two of the names on the list and that neither one answered. ECF No. 35-6, A.S.C.R. Supp. Decl., ¶¶ 13-15. A.S.C.R. was, however, able to speak with her sister-in-law, who lives in the United States. ECF No. 35-6, A.S.C.R. Supp. Decl., ¶ 15.

11. On October 11, 2019, an asylum officer interviewed A.S.C.R. and K.M.V., through interpreters, for four-and-a-half hours. A.S.C.R. I-870 at 1. A.S.C.R. and K.M.V. each confirmed that they understood the interpreters. A.S.C.R. CFI Notes at 2, 11-12. The asylum officer explained that the interview would be confidential and placed A.S.C.R. and K.M.V. under oath. A.S.C.R. CFI Notes at 2, 11.

12. A.S.C.R. and K.M.V. each confirmed that they had received the Form M-444 explaining the credible-fear process and that they understood the information contained in that form. A.S.C.R. CFI Notes at 2, 11. A.S.C.R. and K.M.V. never requested more time to contact an attorney or consultant before proceeding with the interview. A.S.C.R. I-870 at 1;

A.S.C.R. CFI Notes at 1-19.[1] Each stated that they were being treated "good" in the detention facility. A.S.C.R. CFI Notes at 3, 12. A.S.C.R. said that she was feeling "good" and K.M.V. stated that he was feeling "okay" and "protected here." A.S.C.R. CFI Notes at 3, 12. A.S.C.R. and K.M.V. also each confirmed that they did not have any medical or health issues. A.S.C.R. CFI Notes at 3, 12.

13. During the interview, A.S.C.R. and K.M.V. each acknowledged that they had traveled through Guatemala and Mexico on their way to the United States but had not applied for asylum in those countries. A.S.C.R. CFI Notes at 3-4, 12-13. The asylum officer explained to A.S.C.R. and K.M.V. that they were barred from asylum pursuant to 8 C.F.R. § 208.13(c)(4), but that the interview would continue to determine if they had a reasonable fear of persecution or torture to consider a statutory claim for withholding of removal or for CAT protection. A.S.C.R. CFI Notes at 6, 14-15. The asylum officer continued the interview regarding the merits of A.S.C.R.'s and K.M.V.'s claims. A.S.C.R. CFI Notes at 6-10, 15-17. At the end of the interview, A.S.C.R. and the interpreter confirmed again that they had understood each other during the interview. A.S.C.R. CFI Notes at 17-18.

14. After the interview, the asylum officer determined that A.S.C.R. and K.M.V. had not demonstrated a reasonable fear of persecution or torture, and a supervisory asylum officer approved that decision. A.S.C.R. I-870 at 4-5. On October 16, 2019, A.S.C.R. and K.M.V. requested that an immigration judge review that determination. A.S.C.R. I-869A; K.M.V. I-869A. Accordingly, A.S.C.R. and K.M.V. each received Form I-863, Notice of Referral to Immigration Judge, the contents of which were read and explained to A.S.C.R. and

---

[1] The credible fear interview notes mistakenly state that A.S.C.R. responded "yes" to the question, "Do you have an attorney or consultant at this time?" A.S.C.R. CFI Notes at 2. A.S.C.R. does not allege that she ever had an attorney or consultant before or during her credible-fear interview.

K.M.V. in Spanish. A.S.C.R. I-863 at 1-2; K.M.V. I-863 at 1-2. The Notice of Referral explains that A.S.C.R. and K.M.V. may be "represented in this proceeding, at no expense to the government," and that A.S.C.R. and K.M.V. "may consult with a person or persons of your own choosing prior to your appearance in Immigration Court," provided that the "consultation is at no expense to the government and may not unreasonably delay the process." A.S.C.R. I-863 at 2; K.M.V. I-863 at 2.

15. On October 18, 2019, an immigration judge took testimony regarding A.S.C.R.'s and K.M.V.'s claims and affirmed the asylum officer's negative reasonable-fear determination. A.S.C.R. Order of the IJ. Accordingly, A.S.C.R. and K.M.V. were ordered removed. A.S.C.R. I-860; K.M.V. I-860. On October 28, 2019, A.S.C.R., K.M.V., and F.B.G.C. were removed to El Salvador. ECF No. 35-6, A.S.C.R. Supp. Decl., ¶ 30.

16. <u>B.G.R., D.M.F.G., B.C.F.G., J.M.F.G., and S.F.G.</u>: Plaintiffs B.G.R. and her children D.M.F.G., B.C.F.G., J.M.F.G., and S.F.G. (collectively "B.G.R."), citizens of Mexico, arrived at the El Paso port of entry without valid entry documents on November 20, 2019. B.G.R. I-213 at 2. B.G.R. was served with a Notice and Order of Expedited Removal after she was determined to be inadmissible as an immigrant who lacked valid entry documents as required by the INA. B.G.R. I-860. B.G.R. expressed an intent to seek asylum and thus was referred for credible-fear processing. B.G.R. I-213 at 3; B.G.R. I-867A at 3; B.G.R. I-867B. B.G.R. and her children were detained in the El Paso Border Patrol Station. B.G.R. I-870 at 1; B.G.R. I-213 at 3. B.G.R. received a copy of Form M-444 in Spanish explaining the credible-fear process, and a copy of a pro bono legal services providers list. B.G.R. M-444; B.G.R. I-870 at 1; B.G.R. I-213 at 3. B.G.R. acknowledges that she had the opportunity to make phone calls, including to attorneys on the pro bono list, but says that

she tried to reach someone for "approximately 15 minutes" and then she "gave up." ECF No. 21-6, B.G.R. Decl., ¶ 15.

17. On November 22, 2019, an asylum officer interviewed B.G.R., through an interpreter, for nearly three hours. B.G.R. I-870 at 1. At the beginning of the interview, B.G.R. stated that she understood the interpreter and that she was comfortable being interviewed in Spanish. B.G.R. CFI Notes at 1. The asylum officer then explained that the interview would be confidential and placed B.G.R. under oath. B.G.R. CFI Notes at 1-2. B.G.R. confirmed that she had received the Form M-444 explaining the credible-fear process and that she understood the information contained in that form. B.G.R. CFI Notes at 2. B.G.R. also stated that she had received the list of pro bono attorneys and then twice stated that she wanted to continue the interview at that time without an attorney present. B.G.R. CFI Notes at 2. The interpreter explained the purpose of the interview, and B.G.R. confirmed that she understood and that she was comfortable proceeding with the interview with her children in the room. B.G.R. CFI Notes at 2-3. B.G.R. stated that she was feeling "good," that she was being treated "good" in the detention facility, and that neither she nor her children had any medical or health issues. B.G.R. CFI Notes at 3.

18. The asylum officer continued with the interview regarding the merits of B.G.R.'s claims. B.G.R. CFI Notes at 3-16. At the end of the interview, B.G.R. and the interpreter again confirmed that they had understood each other during the interview. B.G.R. CFI Notes at 17. After the interview, the asylum officer determined that B.G.R. had not demonstrated a credible fear of persecution or torture, and a supervisory asylum officer approved that decision. B.G.R. I-870 at 4-5.

19. On November 23, 2019, the negative credible-fear finding was explained to B.G.R. in Spanish. B.G.R. Form I-869. B.G.R. waived her right to immigration-judge review of the negative credible-fear determination. B.G.R. Form I-869. Accordingly, B.G.R. was ordered removed, B.G.R. I-860, and she and her children were removed to Mexico on November 29, 2019, B.G.R. I-296.

                                            Respectfully submitted,

                                            JOSEPH H. HUNT
                                            Assistant Attorney General

                                            SCOTT G. STEWART
                                            Deputy Assistant Attorney General

                                            WILLIAM C. PEACHEY
                                            Director

Dated: February 6, 2020                      *s/ Erez Reuveni*
                                            EREZ REUVENI
                                            Assistant Director
                                            U.S. Department of Justice, Civil Division
                                            Office of Immigration Litigation
                                            P.O. Box 868, Ben Franklin Station
                                            Washington, DC 20044
                                            Tel: (202) 306-4293
                                            Email: Erez.R.Reuveni@usdoj.gov

                                            *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2020, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

By: */s/ Erez Reuveni*
EREZ REUVENI