## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Las Americas Immigrant Advocacy Center, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 1:19-cv-3640-KBJ |
| Chad Wolf, et al., | ) | |
| Defendants. | ) | |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
## MOTION TO STRIKE EVIDENCE OUTSIDE OF THE ADMINISTRATIVE RECORD

### INTRODUCTION

Defendants move to strike the declarations and other extra-record evidence, along with "Plaintiffs' Statement of Undisputed Facts," that Plaintiffs have submitted in connection with their cross-motion for summary judgment to the extent such evidence might be used for anything other than demonstrating subject-matter jurisdiction, including standing. This matter involves Plaintiffs invoking 8 U.S.C. § 1252(e)(3) to challenge the Department of Homeland Security's (DHS) discretionary decision to detain certain putative asylum seekers in the custody of U.S. Customs and Border Protection (CBP) rather than U.S. Immigrations and Customs Enforcement (ICE) during the pendency of their credible fear screening.   *See* 8 U.S.C. § 1225(b)(1)(B). Plaintiffs assert that DHS's guidance interferes with aliens' ability to consult with counsel prior to their credible-fear interviews and therefore exceeds DHS's statutory authority under the Immigration and Nationality Act (INA) and Administrative Procedure Act (APA). Plaintiffs' Summary-Judgment Memorandum (Pls.' MSJ Mem.) 16-41 (ECF No. 35-1). The review of these claims is limited to the administrative record produced by Defendants to Plaintiffs. Yet in moving for summary judgment, Plaintiffs have submitted numerous materials outside that administrative

1

record.

By submitting numerous declarations and other extra-record evidence, Plaintiffs attempt to make an end-run around the record rule, yet they have not demonstrated that any extra-record evidence may be admitted or relied upon by the court in reviewing whether the agency's actions in this case satisfy the Administrative Procedure Act. To the contrary, in adding to the administrative record the agency considered in making their decision at issue in this case, Plaintiffs transgress the mandate that courts are not to substitute their judgment for the judgment of the agency.

However, Plaintiffs proceed to ignore their obligation to hew their extra-record evidence to jurisdictional arguments, and instead cite to them repeatedly on merits and other issues. *See generally* Pls.' MSJ Mem. Plaintiffs are instead using their extra-record evidence as a way to supplement—that is, add new evidence for the curt to consider that was not part of the agency's decision being challenged in this case—the administrative record *sub silentio*. Accordingly, this Court should grant Defendants' motion and strike the extra-record evidence as laid out in the proposed order accompanying this motion.[1]

## BACKGROUND

As Plaintiffs concede, "[a] court's role in the APA context is to determine whether as a matter of law the agency action is supported by the administrative record and is otherwise consistent with the APA standard of review." *Id.* at 15.

Plaintiffs filed a motion for summary judgment (ECF No. 35-1). Notwithstanding the limited scope of record review—including the strictures on supplementing the record and

---

[1] On February 6, 2020, pursuant to Local Rule 7(m), Defendants' counsel conferred with Plaintiffs' counsel regarding this motion via email, and Plaintiffs' counsel stated that they oppose this motion.

Plaintiffs' failure here to move to supplement the record—Plaintiffs submitted nearly 300 pages of new material spanning 26 delineated exhibits (ECF No. 35-4 to ECF No. 35-9). Plaintiffs also rely on the exhibits accompanying their motion for a preliminary injunction, nearly 800 pages of material spanning roughly 50 exhibits (ECF No. 21-2 to ECF No. 21-21, ECF No. 22 (under seal)). In this new material of more than 1,000 pages that Plaintiffs submitted, the exhibits include: declarations, including of many non-parties, *see* Pls.' Exs. A-11, A-12, B to V; news articles and reports, *see* Pls.' Exs. A-4, A-7, A-10, A-14, A-15, A-18, A-19, A-20, A-21, A-22, A-23, A-27, A-28, A-29, A-30, A-31, A-33, W-34, W-35, W-36, W-54; documents from other government agencies not in the record, *see* Pls.' Exs. A-1, A-2, A-5, A-8, A-13, A-17, A-24, A-32, W-37, W-38, W-39, W-40, W-41, W-42, W-43, W-44, W-45, W-46, W-47, W-48, W-49, W-50, W-51, W-52; and email correspondence between Plaintiffs' counsel and government employees, *see* Pls.' Exs. A-25, A-26. Plaintiffs combined all of these new materials with 16 pages of "Plaintiffs' Statement of Undisputed Facts" (ECF No. 35-2). The addition of each of these materials is inappropriate and should be struck. As a corollary, the Court should strike Plaintiffs' Statement of Facts.

## LEGAL STANDARD

If a party inappropriately includes evidentiary material in support of a motion, the court may strike that material. *See, e.g.*, *Oceana, Inc. v. Locke*, 674 F. Supp. 2d 39, 44-45 (D.D.C. 2009) (granting motion to strike testimony that post-dated the challenged agency decision); *Nat'l Wilderness Inst. v. U.S. Army Corps of Eng'rs*, No. 04-cv-10273, 2005 WL 691775 (D.D.C. Mar. 23, 2005) (same); *Cty. of San Miguel v. Kempthorne*, 587 F. Supp. 2d 64, 78-79 (D.D.C. 2008) (denying motion to take judicial notice of report that post-dated the challenged agency action).

**ARGUMENT**

Under the APA, the district court's review of merits issues must be "based on the record the agency presents to the reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985); *see Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971); *Camp v. Pitts*, 411 U.S. 138, 142 (1973). The function of the district court is to assess the lawfulness of the agency's action based on the reasons offered by the agency. *Motor Vehicle Mfrs. Ass'n v. State Farm*, 463 U.S. 29, 50 (1983). "The Court's function in administrative-law cases is solely 'to determine whether or not as a matter of law the *evidence in the administrative record* permitted the agency to make the decision it did.'" *Otsuka Pharm. Co. v. Burwell*, 302 F. Supp. 3d 375, 389 (D.D.C. 2016) (K.B. Jackson. J.) (emphasis added), *aff'd sub nom. Otsuka Pharm. Co. v. Price*, 869 F.3d 987 (D.C. Cir. 2017). Thus, Plaintiffs may not create a new record for purposes of review of the merits of DHS's guidance. *See* 5 U.S.C. § 706.

Plaintiffs do not dispute the record rule and have not moved to depart from it or made anything close to the require showing under this Circuit's precedents, conceding that it applies to their claims. Pls.' MSJ Mem. 15.

Plaintiffs have no basis to introduce their attached exhibits. *First*, "the designation of the Administrative Record, like any established administrative procedure, is entitled to a presumption of administrative regularity." *Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019). "A court is ordinarily limited to evaluating the agency's contemporaneous explanation in light of the existing administrative record." *Dep't of Commerce v. New York*, 139 S.Ct. 2551, 2573 (2019). A party may not supplement the record absent "a significant showing—variously described as a strong, substantial, or prima facie showing—that it will find material in the agency's possession indicative of bad faith or an incomplete record," *Air Transp. Ass'n of Am. v. Nat'l Mediation Bd.*,

4

663 F.3d 476, 487-88 (D.C. Cir. 2011), and may not rely on extra-record materials absent a showing of "bad faith or improper behavior on the part of the agency, or that, 'the record is so bare that it prevents effective judicial review.'" *Fund for Animals v. Williams*, 391 F. Supp. 2d 191, 198 (D.D.C. 2005) (citing *Commercial Drapery Contractors v. United States*, 133 F.3d 1, 7 (D.C. Cir. 1998) and *Fund for Animals v. Williams*, 245 F. Supp. 2d 49, 58 (D.D.C. 2003)); *see also Oceana, Inc.*, 920 F.3d at 865 ("[O]n arbitrary and capricious review, absent a showing of bad faith or improper behavior, agency deliberations not part of the record are deemed immaterial." (punctuation and internal quotation omitted)); *Children's Hosp. Ass'n of Tex. v. Azar*, 300 F. Supp. 3d 190, 202 (D.D.C. 2018) (extra-record material not properly part of record-review case absent showing of "gross procedural deficiencies—such as where the administrative record itself is so deficient as to preclude effective review"). No such bad faith or deficiencies have even been alleged and none exist.

*Second*, while a court may consider evidence outside the record in determining its Article III jurisdiction, Plaintiffs do not offer the information for that purpose. *See Grocery Mfrs. Ass'n v. EPA*, 693 F.3d 169, 174 (D.C. Cir. 2012). Instead, they offer extra-record information to support their merits argument and provide background. Specifically, Plaintiffs cite their evidence:

- As part of their background section, purportedly to explain immigration law and to cast CBP detention in a particular light not supported by the administrative record. *E.g.*, Pls.' MSJ Mem. 12-15.

- To make extra-record assertions about how CBP detention affects aliens' mental states and preparations for their credible fear interviews, a merits issue. *Id.* at 23-24.

- To claim that DHS "failed to consider the effects of asylum seekers'

vulnerabilities" based on extra-record evidence, a merits issue. *Id.* at 24-25.

- To argue that DHS failed to consider the importance of in-person access and regular telephonic access to counsel. *Id.* at 25-26. These are APA merits issues. *See Viet. Veterans of Am. v. Shinskei*, 599 F.3d 654, 661 (D.C. Cir. 2010).

- To argue that the policy violates rights to access to counsel and contact third parties, merits issues. Pls.' MSJ Mem. at 37.

Plaintiffs can proceed before this Court on the basis of the certified administrative record, or they can try to return to the agency to introduce new evidence and create a *new* record for review. But because the current administrative record is not "so deficient as to preclude effective review," the Plaintiffs should not be permitted to construct a new record here for purpose of summary judgment. *Hill Dermaceuticals, Inc. v. Food & Drug. Admin.*, 709 F.3d 44, 47 (D.C. Cir. 2013). As another judge in this District recently concluded: "it is only where there are '*gross procedural deficiencies*' that render the 'administrative record ... so deficient as to preclude judicial review; that a plaintiff may add more than the agency had before it." *Bellion Spirits, LLC v. United States*, 335 F. Supp. 3d 32, 41 (D.D.C. 2018) (citing *CTS Corp.*, 759 F.3d at 64; quoting *Hill*, 709 F.3d at 47); *see also Dep't of Commerce*, 139 S.Ct. at 2573; *Esch v. Yuetter*, 876 F.2d 976, 992 (D.C. Cir. 1989) (permitting supplementation only where the agency "failed woefully in complying with the hearing requirement" such that "[n]one of the proceedings that did occur was conducted in a manner conducive to obtaining the relevant facts"); *United Student Aid Funds, Inc. v. Devos*, 237 F. Supp. 3d 1, 6 (D.D.C. 2017) (finding that lack of any evidence on key issue was a qualifying "gross procedural deficiency"). Here, on the other hand, for the reasons already mentioned, the administrative record is sufficiently developed on the challenged points, and is entitled to a presumption of regularity.

These cases demonstrate how Plaintiffs are using their new evidence not for the limited, permissible purpose of arguing Article III jurisdiction, but to evade the record rule and have this Court create a new administrative record. That is not how APA review works and their new evidence should therefore be stricken. *See Texas Rural Legal Aid, Inc. v. Legal Servs. Corp.*, 940 F.2d 685, 698 (D.C. Cir. 1991) ("[J]udicial review of informal agency rule-making is confined to the administrative record; neither party is entitled to supplement that record with litigation affidavits or other evidentiary material that was not before the agency.").

*Third*, judicial notice of these materials would be inappropriate. *See* Fed. R. Evid. 201(e) (guaranteeing Defendants a hearing on this issue). As another judge in this District recently explain in a case synthesizing case law in this District, "[j]udicial notice is typically an inadequate mechanism for a court to consider extra-record evidence when reviewing an agency action." *Level the Playing Field v. FEC*, 381 F. Supp. 3d 78, 92 (D.D.C. 2019), *appeal filed*, 19-5117 (D.C. Cir. 2019). "This general rule rests on the premise that plaintiffs should not be permitted to exploit the standard for judicial notice to circumvent the strict standard for supplementing the administrative record." *Id.*; *accord Rifflin v. Surface Transp. Bd.*, No. 16-1147, 2016 WL 6915552, at *1 (D.C. Cir. Oct. 6, 2016); *Silver State Land, LLC v. Beaudreau*, 59 F. Supp. 3d 158, 172 (D.D.C. 2014). In other words, a document should be given judicial notice only "if it qualifies for supplementation as extra-record evidence." *Id.* (quoting *Dist. Hosp. Partners*, 971 F. Supp. 2d at 32 n.14); *Hispanic Affairs Project v. Acosta*, 263 F. Supp. 3d 160, 176 (D.D.C. 2017) ("The plaintiffs' position that the Court may take judicial notice of documents on an agency's website does not find support in the caselaw. To the contrary, to take judicial notice in a § 706 APA case, the materials must still come within one of the judicially delineated exceptions to the rule against supplementation and consideration of extra-record documents."), *aff'd in part, rev'd in part on other grounds*, 901 F.3d

378 (D.C. Cir. 2018).

*Fourth*, Local Civil Rule 7(h)(2) expressly notes that the requirement that a motion for summary judgment be accompanied by a statement of materials facts "shall not apply to cases in which judicial review is based solely on the administrative record." LCvR 7(h)(2). In lieu of that statement of facts, the parties must cite only the administrative record. *Id.* Therefore, the Court should strike Plaintiffs' extraneous Statement of Facts on this basis.

*Fifth*, Plaintiffs cannot rely on extra-record materials to demonstrate irreparable harm or a balance of equities that may have been allowed with their motion for a preliminary injunction. Now that the parties have filed cross-motions for summary judgment under Federal Rule of Civil Procedure 65, this "moots the Court's consideration of the preliminary injunctive factors because the Court will enter judgment on the merits." *Children's Hosp. Ass'n of Texas v. Azar*, 300 F. Supp. 3d 190, 202 (D.D.C. 2018), *rev'd on other grounds*, 933 F.3d 764 (D.C. Cir. 2019). In other words, if the preliminary injunction is combined with "a full hearing" on a plaintiff's claim, "considerations of irreparable harm are out the window." *Cronin v. U.S. Dep't of Agric.*, 919 F.2d 439, 445 (7th Cir. 1990). Any attempt to invoke injunction-related concepts like irreparable harm and balancing of the equities is therefore irrelevant. *See Herman v. Assoc. Elec. Coop., Inc.*, 994 F. Supp. 1147, 1153 (E.D. Mo. 1998), *rev'd on other grounds*, 172 F.3d 1078 (8th Cir. 1999) (noting how the "Court need not and does not further address the factors ordinarily considered in the preliminary injunction context"); *Dangler v. Yorktown Central Schools*, 771 F. Supp. 625, 632 (S.D.N.Y. 1991) ("If the trial of the merits is accelerated and consolidated with the preliminary injunction hearing, then no determination of irreparable harm need be made by this court.").

*Sixth*, notwithstanding the above, if the Court concludes that review is not possible based on the administrative record that Defendants have produced, then the appropriate remedy is to

remand to the agency, not to create a new record before this Court. Again, this Court's review of merits issues must be "based on the record the agency presents to the reviewing court." *Fla. Power & Light Co.*, 470 U.S. at 743-44.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion and: strike "Plaintiffs' Statement of Undisputed Facts" (ECF No. 35-2); strike Plaintiffs' exhibits (ECF No. 21-2, ECF No. 21-3, ECF No. 21-4, ECF No. 21-5, ECF No. 21-6, ECF No. 21-7, ECF No. 21-8, ECF No. 21-9, ECF No. 21-10, ECF No. 21-11, ECF No. 21-12, ECF No. 21-13, ECF No. 21-14, ECF No. 21-15, ECF No. 21-16, ECF No. 21-17, ECF No. 21-18, ECF No. 21-19, ECF No. 21-20, ECF No. 21-21, ECF No. 22 (under seal), ECF No. 35-4, ECF No. 35-5, ECF No. 35-6, ECF No. 35-7, ECF No. 35-8, and ECF No. 35-9); and decline to consider these materials and all other extra-record materials cited by Plaintiffs in support of their motion for summary judgment (ECF No. 35) or in any opposition to Defendants' motion for summary judgment.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

SCOTT G. STEWART
Deputy Assistant Attorney General

WILLIAM C. PEACHEY
Director

Dated: February 6, 2020

*/s/ Erez Reuveni*
EREZ REUVENI
Assistant Director
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-4293

Email: Erez.R.Reuveni@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 6, 2020, I electronically filed the foregoing with the

Clerk of Court by using the CM/ECF system, which will deliver a copy to all counsel of record.

*/s/ Erez Reuveni*
EREZ REUVENI
United States Department of Justice