**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| LAS AMERICAS IMMIGRANT ADVOCACY CENTER, *et al.*,<br><br>               Plaintiffs,<br><br>    v.<br><br>CHAD WOLF,<br>in his official capacity, Acting Secretary of the U.S. Department of Homeland Security, *et al.*,<br><br>               Defendants. | No. 1:19-cv-3640 (KBJ) |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................ ii

Introduction ................................................................................................................... 1

Argument ....................................................................................................................... 2

I.    This Court Should Not Strike Plaintiffs' Statement of Undisputed Material Facts ....... 2

II.   This Court Should Consider Extra-Record Evidence with Respect to Plaintiffs' APA
      Claims ..................................................................................................................... 3

      A.   Extra-Record Review Is Appropriate To Enable Effective Judicial Review ...................... 3
      B.   Extra-Record Review Is Appropriate Here. ...................................................................... 6

III.  This Court Should Consider Extra-Record Evidence on Issues Distinct from  Plaintiffs'
      APA Arguments ..................................................................................................... 12

      A.   This Court Should Consider Extra-Record Evidence To Establish Plaintiffs' Standing ... 12
      B.   This Court Should Consider Extra-Record Evidence To Evaluate Plaintiffs' Due Process
           Claim .......................................................................................................................... 12
      C.   This Court Should Consider Extra-Record Evidence Related to Plaintiffs' Requests for
           Specific Injunctive Relief .......................................................................................... 15

Conclusion ................................................................................................................... 17

## TABLE OF AUTHORITIES

**Cases**

*Afghan Am. Army Services Corp. v. United States,*
106 Fed. Cl. 714 (2012) .................................................................................. 11

*Air Transp. Ass'n of Am., Inc. v. Nat'l Mediation Bd.,*
663 F.3d 476 (D.C. Cir. 2011) ........................................................................ 5

*Am. Bar Ass'n v. United States Dep't of Educ.,*
370 F. Supp. 3d 1 (D.D.C. 2019) .................................................................... 7

*Amoco Oil Co. v. EPA,*
501 F.2d 722 (D.C. Cir. 1974) ........................................................................ 11

*Asarco, Inc. v. EPA,*
616 F.2d 1153 (9th Cir. 1980) ......................................................................... 9

*Ass'n of Pac. Fisheries v. EPA,*
615 F.2d 794 (9th Cir. 1980) ........................................................................... 11

*Bellion Spirits, LLC v. United States,*
335 F. Supp. 3d 32 (D.D.C. 2018) .................................................................. 4

*Camp v. Pitts,*
411 U.S. 138 (1973) .......................................................................................... 5

*Carlsson v. U.S. Citizenship & Immigration Services,*
No. 2:12-CV-07893-CAS, 2015 WL 1467174 (C.D. Cal. Mar. 23, 2015) .......................... 7, 14

*Children's Hosp. Ass'n of Tex. v. Azar,*
300 F. Supp. 3d 190 (D.D.C. 2018) ................................................................ 4, 17

*Citizens to Preserve Overton Park, Inc. v. Volpe,*
401 U.S. 402 (1971) .......................................................................................... 4

*Commercial Drapery Contractors, Inc. v. United States,*
967 F. Supp. 1 (D.D.C. 1997) .......................................................................... 13

*Cronin v. U.S. Dep't of Agric.*,
    919 F.2d 439 (7th Cir. 1990) ........................................................................ 15

*Cty. of San Miguel v. Kempthorne*,
    587 F. Supp. 2d 64 (D.D.C. 2008) ................................................................. 5

*Dangler v. Yorktown Central Schs.*,
    771 F. Supp. 625 (S.D.N.Y. 1991), .............................................................. 15

*Eco Tour Adventures, Inc. v. Zinke*,
    249 F. Supp. 3d 360 (D.D.C. 2017) .............................................................. 16

*Esch v. Yeutter*,
    876 F.2d 976 (D.C. Cir. 1989) ................................................................. 4, 16

*Fla. Power & Light Co. v. Lorion*,
    470 U.S. 729 (1985) ....................................................................................... 5

*Fund for Animals v. Williams*,
    391 F. Supp. 2d 191 (D.D.C. 2005) ............................................................... 4

*Grace v. Whitaker*,
    344 F. Supp. 3d 96 (D.D.C. 2018) ........................................................... 4, 16

*Grill v. Quinn*,
    No. CIV S-10-0757 GEB, 2012 WL 174873 (E.D. Cal. Jan. 20, 2012) ...... 14

*Herman v. Assoc. Elec. Coop., Inc.*,
    994 F. Supp. 1147 (E.D. Mo. 1998) ............................................................ 15

*Hill Dermaceuticals, Inc. v. FDA*,
    709 F.3d 44 (D.C. Cir. 2013) ................................................................... 3, 16

*Hill Dermaceuticals, Inc. v. FDA*,
    2012 WL 5914516 (D.D.C. May 18, 2012) ................................................ 16

*Hispanic Affairs Project v. Acosta*,
  901 F.3d 378 (D.C. Cir. 2018) ............................................... 7

*Dep't of Commerce v. New York*,
  139 S. Ct. 2551 (2019) ....................................................... 4

*Jones v. Rose*,
  No. 00-CV-1795-BR, 2008 WL 552666 (D. Or. Feb. 28, 2008) ............ 14

*Kadi v. Geithner*,
  42 F. Supp. 3d 1 (D.D.C. 2012) ............................................ 14

*Little Earth of United Tribes, Inc. v. U.S. Dep't of Hous. & Urban Dev.*,
  675 F. Supp. 497 (D. Minn. 1987) ......................................... 14

*Make the Rd. New York v. McAleenan*,
  405 F. Supp. 3d 1 (D.D.C. 2019) ........................................... 9

*Mayor & City Council of Baltimore v. Trump*,
  2019 WL 6970631 (D. Md. Dec. 19, 2019) .................................. 13

*Motor Vehicle Mfrs. Ass'n v. State Farm*,
  463 U.S. 29 (1983) ...................................................... 5, 8

*Nat'l Med. Enters., Inc. v. Shalala*,
  826 F. Supp. 558 (D.D.C. 1993) ........................................... 14

*Nat'l Wilderness Inst. v. U.S. Army Corps of Eng'rs*,
  No. 04-cv-10273, 2005 WL 691775 (D.D.C. Mar. 23, 2005) ................... 5

*Nat'l Ass'n for the Advancement of Colored People v. Trump*,
  298 F. Supp. 3d 209 (D.D.C. 2018) ......................................... 7

*Nat'l Min. Ass'n v. Jackson*,
  856 F. Supp. 2d 150 (D.D.C. 2012) .................................. 3, 4, 8, 11

*Nio v. United States Dep't of Homeland Sec.*,
   385 F. Supp. 3d 44 (D.D.C. 2019) ................................................................. 8, 11

*Oceana, Inc. v. Locke*,
   674 F. Supp. 2d 39 (D.D.C. 2009) .................................................................. 5

*Oceana, Inc. v. Ross*,
   920 F.3d 855 (D.C. Cir. 2019) ....................................................................... 5

*Otsuka Pharm. Co. v. Burwell*,
   302 F. Supp. 3d 375 (D.D.C. 2016) ............................................................... 5

*Otsuka Pharm. Co. v. Price*,
   869 F.3d 987 (D.C. Cir. 2017) ....................................................................... 5

*Pickering v. Bd. of Ed. of Twp. of High Sch. Dist. 205, Will Cty.*,
   391 U.S. 563 (1968) ....................................................................................... 13

*Puerto Rico Pub. Hous. Admin. v. U.S. Dept. of Hous. & Urban Dev.*,
   59 F. Supp. 2d 310 (D.P.R. 1999) ................................................................. 13

*Rydeen v. Quigg*,
   748 F. Supp. 900 (D.D.C. 1990) .................................................................... 14

*S. Utah Wilderness All. v. Norton*,
   237 F. Supp. 2d 48 (D.D.C. 2002) ................................................................. 9

*Sierra Club v. E.P.A.*,
   292 F.3d 895 (D.C. Cir. 2002) ....................................................................... 12

*Sierra Club v. U.S. Dep't of Agric., Rural Utilities Serv.*,
   841 F. Supp. 2d 349 (D.D.C. 2012) ............................................................... 15

*Surface Min. Regulation Litig.*,
   452 F. Supp. 327 (D.D.C. 1978) .................................................................... 9

*Tafas v. Dudas*,
  530 F. Supp. 2d 786 (E.D. Va. 2008) ......................................................................... 14

*Texas Rural Legal Aid, Inc. v. Legal Servs. Corp.*,
  940 F.2d 685 (D.C. Cir. 1991) ................................................................................... 4

*The Cape Hatteras Access Pres. All. v. U.S. Dept. of Interior,*
  667 F. Supp. 2d 111 (D.D.C. 2009) ........................................................................... 4

*United Student Aid Funds, Inc. v. Devos,*
  237 F. Supp. 3d 1 (D.D.C. 2017) ........................................................................ 3, 4, 6

*Viet. Veterans of Am. v. Shinskei*,
  599 F.3d 654 (D.C. Cir. 2010) ................................................................................... 9

*Webster v. Doe*,
  486 U.S. 592 (1988) .................................................................................................. 13

**Rules**

Fed.R.Civ.P. 65 ................................................................................................................ 4

## Introduction

Defendants ask this Court to strike Plaintiffs' extra-record evidence,[1] despite the fact that they too have filed extra-record evidence and cite to both their own and Plaintiffs' evidence throughout their briefing.  Defendants also ask that this Court strike Plaintiffs' Statement of Undisputed Material Facts, even though the Court pursuant to its Local Rules requires such a statement and even though Defendants have also filed a Statement of Undisputed Material Facts that cites to extra-record evidence.  As Defendants' own actions indicate, review of extra-record evidence is warranted here, and their motion to strike ("MTS") should be denied.

Although Administrative Procedure Act ("APA") challenges are normally limited to the administrative record, courts recognize exceptions to this general rule where the administrative record is so deficient that review of extra-record evidence is necessary to effectuate judicial review, including circumstances in which the government has failed to consider all relevant factors or failed to adequately explain its grounds for decision.  Further, courts often consider evidence outside the administrative record when evaluating issues that are distinct from APA analysis, including issues related to standing, injunctive relief, and constitutional claims.  All of these circumstances are present in this case.

The administrative record is grossly deficient in this case with respect to numerous critical issues that implicate whether the agency acted arbitrarily and capriciously, including the agency's failure to acknowledge or consider the change from the prior policy of conducting credible fear proceedings in ICE custody, its failure to consider the unique needs of asylum

---

[1] Plaintiffs have submitted evidence attached to their Motion for Summary Judgment and attached to their Motion for Preliminary Injunction. *See* Fed. R. Civ. P. 65(a)(2) ("evidence that is received on the [preliminary injunction] motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial").  The exhibits referenced as Exhibits 1 through 33 are attached to the Declaration of Christopher Clay in support of Plaintiffs' Motion for Preliminary Injunction, Dkt. No. 21-2.

seekers, and the implications of asylum seekers' vulnerabilities for providing meaningful access

to counsel. Because the administrative record is deficient on these and other issues, review of

Plaintiffs' extra-record evidence is necessary to evaluate Plaintiffs' argument that failing to

acknowledge or consider these prior policies and important factors is arbitrary and capricious.[2]

Further, Plaintiffs' extra-record evidence is also relevant to numerous issues that are

independent of APA analysis. Plaintiffs have offered extra-record evidence to establish standing,

in support of their due process claim, and to show their entitlement to injunctive relief beyond

vacatur of the challenged policy. It is well established that courts may review evidence beyond

the administrative record with respect to these issues.

## Argument

I.      **This Court Should Not Strike Plaintiffs' Statement of Undisputed Material Facts**

Defendants argue that because this case seeks review under the APA, Plaintiffs'

Statement of Undisputed Material Facts ("SUF") should be stricken. Despite this request,

Defendants have filed their own Statement of Undisputed Material Facts that relies on extra-

record evidence. Dkt No. 49-2. Defendants' request to strike Plaintiffs' SUF ignores this

Court's own rules and guidelines with respect to APA cases and misreads Local Rule 7(h)(2).

First, this Court's General Order and Guidelines Applicable to APA Cases specifically

mandate that both parties submit Statements of Undisputed Material Facts. Rule 4(c)(i) states

that "[e]very motion for summary judgment (including cross-motions) and opposition to such

motion must comply with LCvR 7(h), which requires that each party submitting a motion for

summary judgment attach a statement of material facts for which that party contends there is no

---

[2] Defendants argue that Plaintiffs cannot skirt the requirements for extra-record review by seeking judicial notice, but Plaintiffs do not seek to do so. MTS at 7. For the reasons set forth in this Opposition, Plaintiffs meet the exceptions that justify extra-record review.

genuine dispute . . . ." Accordingly, Plaintiffs' SUF is proper and in compliance with this Court's guidelines.

Further, Defendants misread Local Rule 7(h)(2).  Local Rule 7(h)(2) provides that the requirement of filing a statement of undisputed material facts "shall not apply to cases in which judicial review is based **solely** on the administrative record." D.C. LCvR 7 (emphasis added). This is not a case in which judicial review is properly based solely on the administrative record. Defendants themselves consistently cite to evidence outside of the administrative record and have submitted a Statement of Undisputed Material Facts citing to such evidence.  Dkt. No. 49-2. There are numerous issues outside of Plaintiffs' APA arguments for which review of extra-record evidence is appropriate.  Further, even with respect to Plaintiffs' APA arguments, the administrative record is fundamentally deficient on numerous critical issues, warranting extra-record review.  Consequently, this Court should deny Defendants' request to strike Plaintiffs' SUF.

## II.  This Court Should Consider Extra-Record Evidence With Respect to Plaintiffs' APA Claims

### A.  Extra-Record Review Is Appropriate to Enable Effective Judicial Review

Although evaluation of the merits of an APA claim is normally limited to the administrative record, courts have recognized exceptions "where the administrative record itself is so deficient as to preclude effective review." *Hill Dermaceuticals, Inc. v. Food & Drug Admin.*, 709 F.3d 44, 47 (D.C. Cir. 2013), and therefore "'resort to extra-record information [is necessary] to enable judicial review to become effective.'" *Nat'l Min. Ass'n v. Jackson*, 856 F. Supp. 2d 150, 157 (D.D.C. 2012) (citation omitted); *see also United Student Aid Funds, Inc. v. Devos*, 237 F. Supp. 3d 1, 4 (D.D.C. 2017) ("[T]he D.C. Circuit has consistently stated that where the district court cannot determine from the administrative record whether the agency

complied with its procedural obligations, the district court may consider extra-record evidence.") Such circumstances include "when the agency failed to examine all relevant factors, and when the agency failed to explain adequately its grounds for its decision." *Nat'l Min. Ass'n*, 856 F. Supp. 2d at 156–57; *see also The Cape Hatteras Access Pres. All. v. U.S. Dep't of Interior,* 667 F. Supp. 2d 111, 116 (D.D.C. 2009).

To be clear, a showing of bad faith is not required. *United Student Aid Funds*, 237 F. Supp. 3d at 4 (considering extra-record evidence due to deficiency in administrative record without finding bad faith); *Nat'l Mining Ass'n*, 856 F. Supp. 2d at 157 (same); *Grace v. Whitaker*, 344 F. Supp. 3d 96, 113 (D.D.C. 2018), *appeal pending*, No. 19-5013 (filed Jan. 30, 2019) (same).

Defendants concede that review of extra-record evidence is appropriate under such circumstances. MTS at 4-5 (noting that review of extra-record evidence is appropriate where "'the record is so bare that it prevents effective judicial review'" (quoting *Fund for Animals v. Williams*, 391 F. Supp. 2d 191, 198 (D.D.C. 2005)). In fact, the court in *United Student Aid Funds*, 237 F. Supp. 3d at 6 (MTS at 6), held that the lack of any evidence in the administrative record on key issues was a qualifying "gross procedural deficiency." The same result is required here. In *Dep't of Commerce v. New York*, 139 S. Ct. 2551 (2019), relied on by Defendants, the Supreme Court explicitly considered extra-record evidence. *Id.* at 2574 ("We accordingly review the District Court's ruling on pretext in light of all the evidence in the record before the court, including the extra-record discovery.").[3]

---

[3] *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971), also observed that an extra-record inquiry may be necessary for "effective judicial review." *Id.* at 420; *see also* MTS at 4, 6 (citing, *inter alia*, *Children's Hosp. Ass'n of Tex. v. Azar*, 300 F. Supp. 3d 190, 202 (D.D.C. 2018); *Bellion Spirits, LLC v. United States*, 335 F. Supp. 3d 32, 41 (D.D.C. 2018); and *Esch v. Yuetter*, 876 F.2d 976, 992 (D.C. Cir. 1989), all of which recognize pertinent exceptions that permit extra-record review). In *Texas Rural Legal Aid, Inc. v. Legal Servs. Corp.*, 940 F.2d 685, 698 (D.C. Cir. 1991), the D.C. Circuit declined to order extra-record discovery on remand but

Defendants cite no case to the contrary. *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985); *Camp v. Pitts*, 411 U.S. 138, 142 (1973); and *Otsuka Pharm. Co. v. Burwell*, 302 F. Supp. 3d 375, 389 (D.D.C. 2016), *aff'd sub nom. Otsuka Pharm. Co. v. Price*, 869 F.3d 987 (D.C. Cir. 2017), simply state the general standards for APA review, and do not deal with whether the consideration of extra-record evidence is appropriate where the administrative record is fundamentally deficient.

*Oceana, Inc. v. Locke*, 674 F. Supp. 2d 39, 44-45 (D.D.C. 2009); *Nat'l Wilderness Inst. v. U.S. Army Corps of Eng'rs,* 2005 WL 691775 (D.D.C. Mar. 23, 2005); *Cty. of San Miguel v. Kempthorne*, 587 F. Supp. 2d 64, 78-79 (D.D.C. 2008) all recognize that review of extra-record evidence is appropriate when certain exceptions are met, including where the administrative record is so deficient that it precludes judicial review, but found that no such exceptions were applicable based on the particular facts of the case.

*Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019), concerned deliberative process privilege regarding the administrative record, not consideration of extra-record evidence. *Air Transp. Ass'n of Am., Inc. v. Nat'l Mediation Bd.*, 663 F.3d 476, 487 (D.C. Cir. 2011), concerned the standard of discovery where a party seeks to demonstrate bad faith or an incomplete record. Here, Plaintiffs do not contest that the administrative record is complete, nor do they seek discovery into bad-faith decision-making.  Plaintiffs' request only consideration of materials *outside* the administrative record.[4]

---

noted that the district court could order such discovery if the plaintiffs could demonstrate circumstances justifying a departure from the general record review rule.

[4] *Motor Vehicle Mfrs. Ass'n v. State Farm*, 463 U.S. 29 (1983), is simply inapposite on the question of extra-record evidence. It holds, among other things, that an agency cannot offer post-hoc rationalizations for it decision. *Id.* at 50.

### B.  Extra-Record Review Is Appropriate Here

Here, the administrative record's critical deficiencies preclude effective judicial review. As Plaintiffs argue in their Motion for Summary Judgment, Defendants have failed to adequately consider numerous important aspects of the problem in forcing individuals to go through the credible fear process while in CBP custody.  In order to evaluate Plaintiffs' argument that the failure to consider these aspects of the problem renders Defendants' actions arbitrary and capricious, the Court must look beyond the administrative record to Plaintiffs' evidence.

**First**, the administrative record does not acknowledge that, prior to the new policy, Defendants' policy was to conduct credible fear screenings in ICE detention.  ICE standards require liberal consultation during the credible fear process, including in-person consultation and regular telephonic access. They additionally require facilities to maintain infrastructure to facilitate such access including private meeting rooms and a minimum ratio of telephones to detainees.  Further, ICE requires facilities to maintain law libraries and that detainees have access to know-your-rights presentations. Under the new policy, however, the credible fear process takes place in CBP facilities, subject to CBP standards, which do not contain any equivalent requirements, and specifically prohibit in-person attorney access.  Plaintiffs argue that by not acknowledging the shift from ICE standards, Defendants' new policy constitutes an impermissible unexplained change in policy.  Pls.' Br. 17-20.

Courts have appropriately considered extra record evidence when necessary to evaluate a change from a prior policy.  *See United Student Aid Funds,* 237 F. Supp. 3d at 4-5 (D.D.C. 2017) (considering extra-record evidence where "[t]he administrative record in this case sheds no light on two factual issues central to resolving whether the Dear Colleague Letter announced a 'new rule' in a manner that satisfies the APA"); *Grace*, 344 F. Supp. 3d at 113 (considering extra-record evidence to evaluate argument that government impermissibly departed from a prior

6

policy without explanation because the "Court cannot analyze this argument without reviewing the prior policies, which are not included in the administrative record"); *Am. Bar Ass'n v. United States Dep't of Educ.*, 370 F. Supp. 3d 1, 37–40 (D.D.C. 2019), *motion for relief from judgment denied*, 388 F. Supp. 3d 23 (D.D.C. 2019) (similar); *cf. Hispanic Affairs Project v. Acosta*, 901 F.3d 378, 386 n.4 (D.C. Cir. 2018) (reversing decision to strike extra-record evidence and holding that declarations outside the administrative record could be considered to prove existence of DHS policy).[5]  The decisions of these courts to review extra-record evidence also refute Defendants' suggestion that the Court must remand back to the administrative agency in the event the Court finds the record deficient.  MTS at 8-9.

Here, because the administrative record does not provide the prior policies, review of extra-record evidence is needed in order for the Court to determine whether a prior policy existed and whether Defendants' new policy constitutes a departure therefrom without consideration or even acknowledgement.  Plaintiffs have submitted extra-record evidence to establish that ICE detention standards require liberal access to counsel and others throughout the credible fear process, including in-person access and regular telephonic access; that ICE requires facilities to maintain infrastructure to facilitate such access; and that ICE requires facilities to maintain law libraries and that detainees have access to know-your-rights presentations.[6]  These are all

---

[5] *See also Nat'l Ass'n for the Advancement of Colored People v. Trump,* 298 F. Supp. 3d 209, 240 n.24 (D.D.C. 2018), *adhered to on denial of reconsideration*, 315 F. Supp. 3d 457 (D.D.C. 2018) (considering extra-record evidence to demonstrate that government had failed to take into account reliance on prior policy); *Carlsson v. U.S. Citizenship & Immigration Services*, 2015 WL 1467174 at *12 (C.D. Cal. Mar. 23, 2015) (permitting discovery into change in prior policy).

[6] SUFs 11-40 (citing Supplemental Declaration of Christopher Clay ("Clay 2 Decl.") Dkt. No. 35-5 at Ex. 49, p. 136 (ICE spreadsheet noting applicable standard for detention centers); *id*. at Ex. 50, p.138 (2019 National Detention Standards for Non-Dedicated Facilities); *id*. at Ex. 51, p.140 (ICE Detention Standard Fact Sheet (February 24, 2012)); *id*. at Ex. 52, p.142 (ICE Family Residential Standards ("FRS") Fact Sheet (March 25, 2011)); *see* Dkt. No. 21-3, at Ex. 8, p. 88 (PBNDS Telephone Access and Visitation Standards); *see also* Clay 2 Decl., Dkt. No. 35-5 at Ex. 42, p. 58 (FRS Visitation Standards); *id*. at Ex. 46, p. 95 (National Detention Visitation Standards); *id*. at Ex. 48, p. 118 (2008 PBNDS Visitation Standards); *id*. at Ex. 41, p. 52 (FRS Telephone Access); *id*. at Ex. 38, p. 25 (PBNDS Law Libraries and Legal Material); *see also id*. at Ex. 43, p.73 (FRS Law Libraries and Legal Material Standards); *id*. at Ex. 39, p. 40 (PBNDS Legal Rights Group Presentations); *id*. at Ex. 44, p. 81 (FRS Legal Rights

government documents, published by a sub-agency of Defendant DHS, and are necessary for the Court to consider Defendants' departure from their prior policies.

Plaintiffs have also submitted extra-record evidence to establish that prior to PACR and HARP, individuals were transferred to ICE detention facilities for the credible fear process,[7] and that CBP does not permit in-person access.[8]  Defendants appear not to contest either of these issues in their briefing; accordingly, this Court need not review Plaintiffs' extra-record evidence on these issues to the extent it finds them uncontested.

**Second**, consideration of extra-record evidence is necessary to evaluate Plaintiffs' argument that Defendants failed to consider multiple important aspects of the problem resulting from the governments' actions.  *See Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).  In order to determine whether Defendants failed to consider an important aspect of a problem, the Court necessarily needs to review information about the problem.  In such circumstances, courts have recognized the importance of extra-record review. *See Nat'l Min. Ass'n*, 856 F. Supp. 2d at 158 (considering extra-record evidence where it "shed[s] light on an issue not addressed by the administrative record itself"); *Nio v. United States Dep't of Homeland Sec.*, 385 F. Supp. 3d 44, 61–62 (D.D.C. 2019) (noting that a court may consider extra record evidence "'for background information'" or to "ascertain[] whether the agency considered all the relevant factors or fully explicated its course of conduct or

---

Group Presentations); *id.* at Ex. 53, p. 144 (Online Detainee Locator Print Out); *id.* at Ex. 37, p. 20 (PBNDS Personal Hygiene); *id.* at Ex. 40, p. 47 (FRS Personal Hygiene)).

[7] SUF 1 (citing Dkt. No. 21-3, at Ex. 1, p. 5 (CBP Memorandum and Muster, Processing Expedited Removal Cases); *id.*, at Ex. 2, p. 23 (U.S. Citizenship and Immigration Services ("USCIS"), Affirmative Asylum, Credible Fear, and Reasonable Fear (March 2019) (noting ICE as location of credible fear interview)).

[8] SUF 41-46 (citing Decl. of Aaron Reichlin-Melnick ("Reichlin-Melnick Decl."), Dkt. No. 21-17 at ¶ 11; Decl. of Scott Shuchart ("Shuchart Decl."), Dkt. No. 21-14 at ¶¶ 6, 9, 10, 12; Decl. of Linda Corchado ("Corchado Decl.") Dkt. No. 21-9 at ¶ 19; Decl. of Danielle Escontrias ("Escontrias Decl."), Dkt. No. 21-12 at ¶ 13; Decl. of Jodi Goodwin ("Goodwin Decl."), Dkt. No. 21-21 at ¶ 9; Decl. of Clara Long ("Long Decl."), Dkt. No. 21-19 at ¶¶ 14, 15; Decl. of David Jackson ("Jackson Decl."), Dkt. No. 21-20 at ¶ 11).

grounds for decision'" (quoting *Asarco, Inc. v. EPA*, 616 F.2d 1153, 1160 (9th Cir. 1980)); *Make the Rd. New York v. McAleenan*, 405 F. Supp. 3d 1, 53-54 (D.D.C. 2019), *appeal pending*, No. 19-5298 (considering extra-record evidence when evaluating plaintiffs' argument that government failed to consider relevant factors).

Defendants assert that these are "APA merits issues." MTS at 6. However, the failure to consider important aspects of the problem is a procedural deficiency. *In re Surface Min. Regulation Litig.*, 452 F. Supp. 327, 333 (D.D.C. 1978), *aff'd in part, rev'd in part*, 627 F.2d 1346 (D.C. Cir. 1980) (noting that challenge to Secretary's "alleged failure to consider" certain problems was a "procedural challenge"); *S. Utah Wilderness All. v. Norton*, 237 F. Supp. 2d 48, 55 (D.D.C. 2002) (describing failure to consider evidence and alternatives as a "procedural irregularit[y]"). Defendants' reliance on *Viet. Veterans of Am. v. Shinsei*, 599 F.3d 654, 661-62 (D.C. Cir. 2010), which concerned standing to bring a challenge to delays in benefits processing, is inapposite.

Here, the government did not consider the unique vulnerabilities of asylum seekers who have just arrived at the border and the implications of the new policy in terms of providing a meaningful opportunity to consult with counsel. Plaintiffs have introduced evidence that provides this necessary background.[9] Because the administrative record is silent on this issue, review of Plaintiffs' extra-record evidence is necessary to effectuate judicial review. *See Asarco, Inc.*, 616 F.2d at 1160 ("[I]t is both unrealistic and unwise to 'straightjacket' the reviewing court with the administrative record. It will often be impossible, especially when highly technical

---

[9] SUFs 57-71 (citing Love Decl., Dkt. No. 21-13 at ¶ 13; Decl. of Andrea Meza ("Meza Decl."), Dkt. No. 21-18 at ¶¶ 7, 10; Goodwin Decl., Dkt. No. 21-21 at ¶¶ 5-7; Decl. of Rebecca Jamil ("Jamil Decl."), Dkt. No. 21-15 at ¶¶ 3, 5-10; Reichlin-Melnick Decl., Dkt. No. 21- 17 at ¶ 11; Decl. of Douglas Stephens ("Stephens Decl."), Dkt. No. 21-16 at ¶¶ 11-17; Escontrias Decl., Dkt. No. 21- 12 at ¶ 11; Supplemental Declaration of Linda Corchado ("Corchado 2 Decl."), Dkt. No. 35-7 at ¶10).

matters are involved, for the court to determine whether the agency took into consideration all relevant factors unless it looks outside the record to determine what matters the agency should have considered but did not. The court cannot adequately discharge its duty to engage in a substantial inquiry' if it is required to take the agency's word that it considered all relevant matters.").

Likewise, review of extra record evidence is relevant in evaluating Plaintiffs' argument that Defendants failed to adequately consider the known conditions at CBP facilities that would prevent a fair and meaningful credible fear process.  The administrative record contains only limited documentation discussing conditions at CBP facilities.  Plaintiffs have introduced evidence that provides the Court with further background on the conditions at CBP facilities, including conditions at specific facilities in which the new policy is in effect.[10]  Because the administrative record is deficient on this issue, Plaintiffs' evidence is relevant to effectuate judicial review of whether the government failed to consider this critical factor, and failed to adequately explain its decision in light of it.

**Third**, the Court should also consider Plaintiffs' post-decisional evidence that individuals subject to PACR and HARP are in fact not able to access counsel and that direct service organizations that ordinarily receive calls from asylum seekers in credible fear proceedings and

---

[10] SUF 53 (citing Dkt. No. 21-3 at Ex. 13, p. 226 (El Paso OIG Report); Dkt. No. 21- 4 at Ex. 27, p. 57 (Human Rights Watch, "In the Freezer: Abusive Conditions for Women and Children in US Immigration Holding Cells," February 2018); *id*. at Ex. 28, p. 61 (No More Deaths, Crossing the Line (2008)); *id*. at Ex. 29, p. 175 (No More Deaths, A Culture of Cruelty (2011)); *id*. at Ex. 30, p. 249 (Americans for Immigrant Justice, The "Hieleras": A Report on Human & Civil Rights Abuses Committed by U.S. Customs and Border Protection (2013)); *id*. at Ex. 31, p. 258 (American Immigration Council, Hieleras (Iceboxes) in the Rio Grande Valley Sector (2015)); *id*. at 32, p. 290 (DHS Office of Inspector General, Management Alert – DHS Needs to Address Dangerous Overcrowding and Prolonged Detention of Children and Adults in the Rio Grande Valley (July 2, 2019)); *see also* Dkt. No. 21-3 at Ex. 11, p. 124 (Decl. of Eldon Vail ISO Plaintiffs' Mot. For Prelim. Inj., Doe v. Nielsen, 4:15-cv-00250-DCB, Doc. 206-2 (Aug. 17, 2016)); *id*. at Ex. 12, p. 184 (Decl. of Robert W. Powitz ISO Plaintiffs' Mot. For Prelim. Inj., Doe, 4:15-cv-00250-DCB, Doc. 206-3 (Aug. 17, 2016)); Reichlin-Melnick Decl., Dkt. No. 21-17 at ¶¶ 10-28; Shuchart Decl., Dkt. No. 21-14 ¶ 8; Long Decl., Dkt. No. 21-19 at ¶¶ 5-18; Jackson Decl., Dkt. No. 21-20 at ¶¶ 6-12); *see also* SUFs 90-94 (citing A.R.R.D. Decl., Dkt. No. 21-5 at ¶¶ 21, 22, 25; Second Declaration of A.S.C.R. ("A.S.C.R. 2 Decl."), Dkt. No. 35-6  at ¶¶ 11, 24; B.G.R. Decl., Dkt. No. 21-6 at ¶¶ 11, 18.).

so would be expected to receive calls from those subject to PACR and HARP are not getting calls.[11] The Court is entitled to review post-decisional evidence demonstrating that the decision to move credible fear interviews to CBP facilities has eviscerated the ability to contact and meaningfully consult with counsel.  As the D.C. Circuit has explained, "[r]ule-making is necessarily forward-looking, and by the time judicial review is secured events may have progressed sufficiently to indicate the truth or falsity of agency predictions," and a court need not "blind itself to such events."  *Amoco Oil Co. v. EPA*, 501 F.2d 722, 729 n.10 (D.C. Cir. 1974); *Nat'l Min. Ass'n,* 856 F. Supp. 2d at 158 (considering extra-record evidence with respect to application of policy where administrative record is silent on the issue); *Nio*, 385 F. Supp. 3d at 61-62 (noting exception recognized by *Amoco*).[12]

Moreover, the propriety of review of this post-decisional evidence is confirmed by the fact that Defendants cite both to Plaintiffs' evidence and to their own extra-record evidence in arguing that PACR and HARP does not violate the statutory and regulatory right to access counsel.  *See* Defs.' Br. at 24 (citing to both Defendants' Statement of Undisputed Facts (which in turn cites to extra-record evidence) and a declaration submitted by Plaintiffs); *id.* at 30 (citing to Defendants' Statement of Undisputed Facts to argue that Plaintiffs received all they were due by statute).

---

[11] SUFs 75-82, 102-105, 110-114, 120-121 (citing A.R.R.D. Decl., Dkt. No. 21-5 at ¶¶ 13, 21, 25; K.M.V. Decl., Dkt. No. 21-8 at ¶ 10; A.S.C.R. Decl., Dkt. No. 21-7 at ¶ 10; A.S.C.R. 2 Decl., Dkt. No. 35-6 at ¶¶ 13-15, 27; B.G.R. Decl., Dkt. No. 21-6 at ¶¶ 15, 20; M.D.C.G., Dkt. No. 21-10 at ¶¶ 6-7; Corchado 2 Decl., Dkt. No. 35-7 at ¶ 6, 9, 12-13; Corchado Decl., Dkt. No. 21-9 at ¶6, 9-11, 17-21, 28-30, 32; Sheff Decl., Dkt. No. 21-11 at ¶ 7; Supplemental Declaration of Rebecca Sheff ("Sheff 2 Decl."), Dkt. No. 35-9 at ¶¶ 3-5; Escontrias Decl., Dkt. No. 21-12 at ¶7, 11-15; Supplemental Declaration of Danielle Escontrias ("Escontrias 2 Decl."), Dkt. No. 35-8 at ¶¶ 3-4).

[12] *See also Afghan Am. Army Services Corp. v. United States,* 106 Fed. Cl. 714, 724 (2012), *as supplemented*, 106 Fed. Cl. 751 (2012) ("As courts have recognized, post-decisional information correcting erroneous assumptions, predictions, or facts forming the predicate for agency decision-making must be added to the administrative record to permit effective judicial review."); *Ass'n of Pac. Fisheries v. EPA*, 615 F.2d 794, 812 (9th Cir. 1980) (noting that post-decisional evidence may be considered if it shows "that the Agency proceeded upon assumptions that were entirely fictional or utterly without scientific support").

Consequently, this Court should consider the extra-record evidence that Plaintiffs have put forth with respect to their APA claim.

## III. **This Court Should Consider Extra-Record Evidence On Issues Distinct From Plaintiffs' APA Arguments**

### A. **This Court Should Consider Extra-Record Evidence To Establish Plaintiffs' Standing**

Defendants concede that consideration of extra-record evidence is appropriate to determine Article III jurisdiction and standing. MTS at 5 ("[A] court may consider evidence outside the record in determining its Article III jurisdiction."); *Sierra Club v. E.P.A.*, 292 F.3d 895, 899 (D.C. Cir. 2002) (noting that where the administrative record does not contain evidence pertaining to standing, plaintiffs may submit extra-record evidence to the court). In fact, Defendants also offer and cite to extra-record evidence in contesting Plaintiffs' standing. Defs.' Br. at 19, 22 (citing Supplemental Declaration of Linda Corchado; and Defendants' Statement of Undisputed Facts, which cites to Defendants' extra-record exhibits). Here, the Court should consider extra-record evidence—including Plaintiffs' declarations about their experiences with PACR and HARP—to the extent necessary to determine that Plaintiffs have standing to pursue the relief they seek.[13]

### B. **This Court Should Consider Extra-Record Evidence To Evaluate Plaintiffs' Due Process Claim**

Plaintiffs also argue that in practice the new policy deprives Plaintiffs of the due process they are owed under law, by detaining individuals in CBP facilities where they lack any

---

[13] SUFs 72-99; A.R.R.D. Decl., Dkt. No. 21-5; A.S.C.R. Decl., Dkt. No. 21-7; K.M.V. Decl., Dkt. No. 21-8; Corchado Decl., Dkt. No. 21-9; Corchado 2 Decl., Dkt. No. 35-7; A.S.C.R. 2 Decl., Dkt. No. 35-6; B.G.R. Decl., Dkt. No. 21-6; *see also* SUF 4 (citing Dkt. No. 21-4, at Ex. 25 at p. 49 (email from Special Operations Supervisor-NGO Liaison Strategic Communications at U.S. Border Patrol stating that PACR was implemented on October 8, 2019); Dkt. No. 21-4 at Ex. 26, p. 52 (email from Office of Assistant Chief Counsel for U.S. Customs and Border Protection stating that HARP was implemented on October 28, 2019)).

meaningful ability to access or consult with counsel or others during the credible fear process.[14] The evidence Plaintiffs have submitted regarding the vulnerability of asylum seekers and their need for meaningful access to counsel[15] and the evidence demonstrating that asylum seekers are not able to access counsel under PACR and HARP is relevant to the evaluation of this claim.[16]

Even if this Court declined to consider such evidence with respect to Plaintiffs' APA claim, it is appropriate to consider it in evaluation of Plaintiffs' constitutional claim (should the Court reach that claim). "The authority to examine plaintiffs' due process claims is independent of the APA," and "such an examination requires an independent assessment of the facts and the law." *Commercial Drapery Contractors, Inc. v. United States*, 967 F. Supp. 1, 3 (D.D.C. 1997), *aff'd*, 133 F.3d 1 (D.C. Cir. 1998) (citations omitted); *Mayor & City Council of Baltimore v. Trump*, 2019 WL 6970631 at *7 (D. Md. Dec. 19, 2019) (noting that consideration of extra-record evidence with respect to constitutional claims "accords with the foundational tenet of constitutional adjudication that 'where constitutional rights are in issue,' courts must ensure that 'the controlling legal principles [are] applied to the *actual facts of the case*'") (emphasis in original) (quoting *Pickering v. Bd. of Ed. of Twp. of High Sch. Dist. 205, Will Cty*., 391 U.S. 563, 578 n.2 (1968) (Douglas, J., concurring)).[17]

---

[14] Plaintiffs also bring claims that Defendants' policy violates their statutory and regulatory rights to access counsel and contact third parties during the credible fear process and effectively deprive asylum seekers of a meaningful right to apply for asylum, statutory withholding of removal, and protection under the Convention against Torture. Plaintiffs do not seek extra-record review of evidence with respect to these claims. However, to the extent the Court determines that these causes of action can be brought outside of, or independently from the APA, Plaintiffs note that consideration of extra-record evidence would be appropriate.

[15] *See, supra*, note 9, at 11.

[16] *See supra* note 11 at 12.

[17] *Cf. Webster v. Doe*, 486 U.S. 592, 604 (1988) (recognizing propriety of discovery relating to constitutional claims apart from APA claim); *Puerto Rico Pub. Hous. Admin. v. U.S. Dept. of Hous. & Urban Dev*., 59 F. Supp. 2d 310, 328 (D.P.R. 1999) (citing *Webster* and observing that "[t]he United States Supreme Court has held that a plaintiff who is entitled to judicial review of its constitutional claims under the APA is entitled to discovery in connection with those claims.").

Consequently, courts often consider extra-record evidence when evaluating constitutional claims. *Rydeen v. Quigg,* 748 F. Supp. 900, 906 (D.D.C. 1990), *aff'd*, 937 F.2d 623 (Fed. Cir. 1991) ("When reviewing constitutional challenges to agency decision-making, courts make an independent assessment of the facts and the law. Thus, we may consider . . .  additional affidavits . . . even though they were not before the agency upon administrative review.") (citation omitted); *Nat'l Med. Enters., Inc. v. Shalala*, 826 F. Supp. 558, 565, n.11 (D.D.C. 1993), *aff'd*, 43 F.3d 691 (D.C. Cir. 1995) (similar); *see also Kadi v. Geithner*, 42 F. Supp. 3d 1, 25 (D.D.C. 2012) ("In reviewing Kadi's constitutional claims, the Court has consulted materials outside the pleadings, including the exhibits attached by both parties to their pleadings, as well as the administrative record.").[18]

Here too, this Court should evaluate all of the facts with respect to Plaintiffs' due process claim and therefore should consider extra-record evidence.

---

[18] *See also Little Earth of United Tribes, Inc. v. U.S. Dep't of Hous. & Urban Dev.*, 675 F. Supp. 497, 531 (D. Minn. 1987)*, amended*, 691 F. Supp. 1215 (D. Minn. 1988) *and aff'd*, 878 F.2d 236 (8th Cir. 1989) ("Where . . . the question presented is whether defendants violated plaintiffs' constitutional and statutory rights, not whether defendants acted reasonably or unreasonably, judicial deference to agency decisions is not required. Thus . . . the Court has examined the agency's actions de novo, including consideration of evidence not in the administrative record."); *Tafas v. Dudas*, 530 F. Supp. 2d 786, 802 (E.D. Va. 2008) ("[I]n adjudicating constitutional claims under the APA, courts have permitted plaintiffs to submit evidence that was not part of the administrative record."); *Jones v. Rose*, 2008 WL 552666 at *12 (D. Or. Feb. 28, 2008), *aff'd*, 495 F. App'x 788 (9th Cir. 2012) ("The Corps, joined by the Port, moves to strike Kienle's First Affidavit on the ground that it includes materials that 'are not part of the administrative records' in this case. This objection again misses the mark because Plaintiff submitted Kienle's First Affidavit in support of his constitutional claim rather than his APA or NEPA claims and, therefore, may offer otherwise admissible extra-record materials in support of this claim."); *Carlsson*, 2015 WL 1467174 at *13 ("A plaintiff may under some circumstances maintain a constitutional due process claim alongside arbitrary and capricious APA claims, and conduct discovery in support of those claims."); *Grill v. Quinn,* 2012 WL 174873 at *2 (E.D. Cal. Jan. 20, 2012) (citation omitted) ("The amended complaint contains a claim for violation of procedural due process in addition to the APA claim. A direct constitutional challenge is reviewed independent of the APA.  As such the court is entitled to look beyond the administrative record in regard to this claim.").

### C.  This Court Should Consider Extra-Record Evidence Related to Plaintiffs' Requests for Specific Injunctive Relief

Beyond vacatur of the policy, Plaintiffs also seek specific injunctive relief.  Namely, the Individual Plaintiffs seek vacatur of their negative credible fear determinations and expedited removal orders; their return at no expense and parole into the United States; and a new credible fear process or, alternatively, placement in full removal proceedings.  Las Americas also seeks specific injunctive relief for those individuals who were subject to PACR and HARP in Border Patrol's El Paso Sector prior to December 6, 2019.

In order to demonstrate entitlement to a permanent injunction, Plaintiffs must show, among other things, that Plaintiffs and those for whom they seek injunctive relief have suffered or will suffer irreparable injury and that the public interest would not be disserved by a permanent injunction.  *Sierra Club v. U.S. Dep't of Agric., Rural Utilities Serv.,* 841 F. Supp. 2d 349, 356 (D.D.C. 2012) (citation omitted).[19]  Indeed, Defendants specifically argue that Plaintiffs must show they suffered irreparable harm and that the balance of the equities favors them. Defs.' Br., Dkt. No. 49-1 at 42.

To meet this burden, Plaintiffs submit evidence that they will suffer irreparable harm if forced to return to their home countries and that the public interest would be disserved for this reason.  This evidence includes declarations from Plaintiffs themselves, which establish the specific harms they are fleeing in their home countries.[20] Plaintiffs have additionally submitted documentation regarding the dangerous conditions present in Plaintiffs' home countries.[21] This

---

[19] Defendants' out-of-circuit cases, *Cronin v. U.S. Dep't of Agric.*, 919 F.2d 439 (7th Cir. 1990); *Herman v. Assoc. Elec. Coop., Inc.*, 994 F. Supp. 1147, 1153 (E.D. Mo. 1998), *rev'd on other grounds*, 172 F.3d 1078 (8th Cir. 1999); *Dangler v. Yorktown Central Schs.*, 771 F. Supp. 625, 632 (S.D.N.Y. 1991), do not reflect this Circuit's law with respect to what Plaintiffs must show when seeking a permanent injunction.

[20] SUFs 72-74, 96 (citing A.R.R.D. Decl., Dkt. No. 21-5 at ¶¶ 7, 28-30; A.S.C.R. Decl., Dkt. No. 21-7 at ¶¶ 3, 11-13; B.G.R. Decl., Dkt. No. 21-6 at ¶¶ 6-7, 22-25; K.M.V. Decl., Dkt. No. 21-8 at ¶¶ 11-13).

[21] SUFs 97-99 (citing Dkt. No. 21-3 at Ex. 20, p. 304 (Elizabeth Kennedy, American Immigration Council, No Childhood Here: Why Central American Children Are Fleeing Their Homes, at 5 (July 1, 2014); *see also id.* at Ex.

evidence also serves to establish that the public interest would be served by giving Plaintiffs an opportunity to establish their claim to protection under fair and lawful circumstances.

Because the injunctive factors are not addressed by the administrative record, courts routinely consider extra-record evidence concerning whether injunctive relief should be granted. As the court in *Eco Tour Adventures, Inc. v. Zinke*, 249 F. Supp. 3d 360 (D.D.C. 2017), noted in considering cross-motions for summary judgment:

> [A]s the D.C. Circuit has recognized, extra-record evidence may be used "in cases where relief is at issue."  The issue of injunctive relief is generally not raised in the administrative proceedings below and, consequently, "there usually will be no administrative record developed on these issues." Thus, "it will often be necessary for a court to take new evidence to fully evaluate" claims "of irreparable harm . . . and [claims] that the issuance of the injunction is in the public interest."

*Id.* at 369 n.7 (citing *Esch*, 876 F.2d at 991, and Steven Sark & Sarah Wald, *Setting No Records: The Failed Attempts to Limit the Record in Review of Administrative Actions,* 36 Admin. L. Rev. 333, 345 (1984)); *see also Grace,* 344 F. Supp. 3d at 114 ("Because plaintiffs request specific injunctive relief with respect to their expedited removal orders and credible fear proceedings, the Court must determine whether plaintiffs are entitled to the injunctive relief sought. Thus, the Court will consider plaintiffs' declarations, the UNHCR reports, and the country reports only to the extent they are relevant to plaintiffs' request for injunctive relief.") (citation omitted); (*Hill Dermaceuticals, Inc. v. FDA*, 2012 WL 5914516 at *10 (D.D.C. May 18, 2012)), *aff'd sub nom. Hill Dermaceuticals, Inc. v. FDA*, 709 F.3d 44 (D.C. Cir. 2013) ("Although the Court's review of the merits is confined to the administrative record, the Court may consider the extra-record

---

21, p. 327 (Kevin Sieff, When Death Awaits Deported Asylum Seekers, Wash. Post (Dec. 26, 2018); *id*. at Ex. 19, p. 299 (Sibylla Brodzinsky & Ed Pilkington, US Government Deporting Central American Migrants to Their Deaths, The Guardian (Oct. 12, 2015)); Dkt. No. 21-4 at Ex. 22, p. 1 (Sarah Stillman, When Deportation is a Death Sentence, New Yorker (Jan. 8, 2018); *id*. at Ex. 23, p. 29 (Laura Benshoff, Deported from Pennsylvania, Dead in Mexico: "What (He) Feared Is Exactly What Happened," WESA (Aug. 30, 2019)); *see also id*. at Ex. 24, p. 34 (Mexico Travel Advisory (December 17, 2019)).

declarations submitted by Hill to the extent that they are relevant to the non-merits factors of Hill's request for injunctive relief.").

Defendants cite to *Children's Hosp. Ass'n of Texas*, 300 F. Supp. 3d 190, but in that case, the plaintiff sought only vacatur of the challenged rule and conceded that evidence of irreparable harm was not necessary.  *Id.* at 202.  Here, Plaintiffs seek injunctive relief beyond vacatur of the challenged policy.  Therefore, the Court should consider Plaintiffs' evidence with respect to the injunctive relief factors.

## Conclusion

For all the foregoing reasons, Plaintiffs respectfully request that this Court consider evidence outside the administrative record as set forth in this motion.

Dated: February 13, 2020

Respectfully submitted,

/s/ Andre Segura
_____

Arthur B. Spitzer (D.C. Bar No. 235960)
Scott Michelman (D.C. Bar No. 1006945)
American Civil Liberties Union Foundation
   of the District of Columbia
915 15th Street, NW - 2nd floor
Washington, DC 20005-2302
Tel. (202) 601-4266
aspitzer@acludc.org
smichelman@acludc.org

Anand Balakrishnan,* CT Bar No. 430329
American Civil Liberties Union
Foundation, Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
Tel. (212) 549-2600
abalakrishnan@aclu.org

Andre Segura,* TX Bar No. 24107112
Thomas Buser-Clancy,* TX Bar No.
24078344
Kathryn Huddleston,* AZ Bar No. 033622
ACLU Foundation of Texas, Inc.
5225 Katy Freeway, Suite 350
Houston, TX 77007
Tel. (713) 942-8146
Fax: (713) 942-8966
asegura@aclutx.org
tbuser-clancy@aclutx.org
khuddleston@aclutx.org

Bernardo Rafael Cruz,* TX Bar No. 24109774
Brantley Shaw Drake,* NY Bar No. 5407440
ACLU Foundation of Texas, Inc.
109 N. Oregon St., Suite 600
El Paso, TX 79901
Tel. (915) 533-8091
Fax: (915) 308-7188
brcruz@aclutx.org
sdrake@aclutx.org

*Admitted Pro Hac Vice

18