**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Las Americas Immigrant Advocacy Center, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) |
| | ) |
| Chad Wolf, et al., | ) ) |
| Defendants. | ) ) |

Civil Action No. 1:19-cv-3640-KBJ

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO STRIKE EVIDENCE OUTSIDE OF THE ADMINISTRATIVE RECORD**

**INTRODUCTION**

Plaintiffs have brought this lawsuit under 8 U.S.C. § 1252(e)(3) to challenge the Department of Homeland Security (DHS) guidance—Prompt Asylum Claim Review (PACR) and Humanitarian Asylum Review Process (HARP)—explaining DHS's statutory discretionary authority to hold certain putative asylum seekers in the custody of U.S. Customs and Border Protection (CBP), rather than transferring them to U.S. Immigration and Customs Enforcement (ICE), during the pendency of their credible-fear proceedings, *see* 8 U.S.C. § 1225(b)(1)(B). This lawsuit is thus a challenge to purported agency action under ordinary principles of administrative record review. It is a well-established "principle of administrative law that the courts base their review of an agency's actions on the materials that were before the agency at the time its decision was made." *IMS, P.C. v. Alvarez*, 129 F.3d 618, 623 (D.C. Cir. 1997).

Notwithstanding the clear import of this Circuit's record rule, in moving for summary judgment, Plaintiffs have unilaterally submitted and relied on evidence that is not in the administrative record. And although there are limited exceptions to that rule, such as when the record is so bare as to preclude judicial review, and motions to complete or supplement the record

may be necessary, Plaintiffs have not made such motions, let alone made the heightened showing of bad faith on the part of the government necessary to invoke these exceptions. Instead, Plaintiffs simply amassed a new "record" along with their motion for summary judgment. Accordingly, Defendants moved to strike Plaintiffs' extra-record evidence, along with "Plaintiffs' Statement of Undisputed Facts," which relies on this extra-record evidence, to the extent such evidence might be used for anything other than demonstrating subject-matter jurisdiction, including standing. *See* Defs.' Mot. to Strike Evidence Outside of the Administrative Record (ECF No. 51); Defs.' Memo. of Law in Supp. of Their Mot. to Strike Evidence Outside of the Administrative Record (ECF No. 51-1) ("Defs.' Mot. to Strike").

In response, Plaintiffs freely acknowledge that the evidence they rely on comes from outside of the administrative record. Pls.' Opp. to Defs.' Mot. to Strike Evidence Outside of the Administrative Record at 1 (ECF No. 56) ("Pls.' Mot. to Strike Opp.") (referring to the evidence in dispute as "extra-record," and not arguing to the contrary); *see also* pg. 5 ("Plaintiffs' request only consideration of materials *outside* the administrative record.") However, they appear to assert that they are exempt from the record rule and may supplement the administrative record at will, for the apparent reason that they believe their extra-record evidence will be helpful to the Court in evaluating their claims and arguments. By submitting numerous declarations and other extra-record evidence, Plaintiffs attempt to make an end-run around the record rule, yet they have not demonstrated that any extra-record evidence may be admitted or relied upon by the court in reviewing whether the agency's actions in this case satisfy the Administrative Procedure Act. To the contrary, in adding to the certified administrative record the agency considered in making its decision at issue in this case, Plaintiffs attempt to upend the long-settled principle of administrative law that "a reviewing court 'should have before it neither more nor less information than did the

agency when it made its decision.'" *Hill Dermaceuticals, Inc. v. FDA*, 709 F.3d 44, 47 (D.C. Cir. 2013) (per curiam) (quoting *Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984)). This Court should grant Defendants' motion and strike the extra-record evidence and associated "Statement of Undisputed Facts."

## ARGUMENT

Under the APA, the district court's review of merits issues must be "based on the record the agency presents to the reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985); *see Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971); *Camp v. Pitts*, 411 U.S. 138, 142 (1973). The function of the district court is to assess the lawfulness of the agency's action based on the reasons offered by the agency. *Motor Vehicle Mfrs. Ass'n v. State Farm*, 463 U.S. 29, 50 (1983). "The Court's function in administrative-law cases is solely 'to determine whether or not as a matter of law the *evidence in the administrative record* permitted the agency to make the decision it did.'" *Otsuka Pharm. Co. v. Burwell*, 302 F. Supp. 3d 375, 389 (D.D.C. 2016) (K.B. Jackson. J.) (emphasis added), *aff'd sub nom. Otsuka Pharm. Co. v. Price*, 869 F.3d 987 (D.C. Cir. 2017). As a corollary, "[s]upplementing administrative records in APA cases"—what Plaintiffs have tried to do here—"is the exception, not the rule." *Safari Club Int'l v. Jewell*, 111 F. Supp. 3d 1, 4 (D.D.C. 2015); *accord Motor & Equip. Mfrs. Ass'n, Inc. v. EPA*, 627 F.2d 1095, 1104 n.18 (D.C. Cir. 1979). Thus, Plaintiffs may not create a new record for purposes of review of the merits of DHS's guidance. *See* 5 U.S.C. § 706.

As a threshold matter, the Court should reject Plaintiffs' extra-record evidence because Plaintiffs failed to move to supplement the record. *See CTS Corp. v. EPA*, 759 F.3d 52, 64 (D.C. Cir. 2014) ("Here, CTS did not even move to supplement the record. Instead, CTS simply attached the new evidence to its brief . . . ."). Defendants produced the record nearly a month ago,

on January 17, 2020. Plaintiffs did not move to supplement or complete the record, despite having time to do so before their motion for summary judgment, opting instead to improperly submit their admittedly "extra-record" evidence without meeting their burden to do so. That alone is grounds for the Court to strike their evidence. *See id.* at 65 ("[The petitioner] opt[ed] instead for an end run around the agency's substantive geological judgments in the this court. We cannot provide such administrative consideration of its arguments and evidence in the first instance."); *see also Grace v. Whitaker*, 344 F. Supp. 96, 112-13 (D.D.C. 2018) (in a case Plaintiffs cite for the proposition that record supplementation is allowed, noting that the *Grace* plaintiffs had first filed a motion to place additional materials before the court, which Plaintiffs here did not do). This crucial distinction is also present in two of the other cases Plaintiffs cite for the proposition that "[c]ourts have appropriately considered extra record evidence when necessary to evaluate a change from a prior policy." Pls.' Mot. to Strike Opp. at 6-7 (citing *Am. Bar Ass'n v. U.S. Dep't of Educ.*, 370 F. Supp. 3d 1, 38 (D.D.C. 2019); *United Student Aid Funds, Inc. v. Devos*, 237 F. Supp. 3d 1, 3 (D.D.C. 2017)).

In the event the Court does not strike Plaintiffs' extra-record evidence due to their failure to file a motion to challenge the administrative record or otherwise request r the Court to consider it, the Court should still reject Plaintiffs' evidence on the merits. "Exceptions to [the record] rule are quite narrow and rarely invoked." *CTS Corp. v. EPA*, 759 F.3d 52, 64 (D.C. Cir. 2014). It is Plaintiffs' burden to "demonstrate unusual circumstances justifying departure from th[e] general rule." *Am. Wildlands v. Kempthorne*, 530 F.3d 991, 1002 (D.C. Cir. 2008); *WildEarth Guardians v. Salazar*, 670 F. Supp. 2d 1, 6 (D.D.C. 2013) (deeming this a "heavy burden"). Plaintiffs have failed to carry their heavy burden of showing that their evidence falls under one of these narrow exceptions.

First, as Defendants explained in their motion to strike, Plaintiffs have not met their burden to show that extra-record evidence is necessary for effective judicial review. Defs.' Mot. to Strike at 4-9. Defendants do not dispute that the Court may consider extra-record evidence to resolve jurisdictional issues, including standing. Pls.' Mot. to Strike Opp. at 12. Indeed, as Plaintiffs point out, Defendants also relied on extra-record evidence, *id*. at 1, 3, but Defendants did so only to rebut Plaintiffs' invocation of jurisdiction and assertions of standing, Defs. Br. 14-23. Plaintiffs, however, ask the Court to consider numerous declarations and other extra-record evidence that goes to the merits of their claims about the alleged unlawfulness of the PACR and HARP guidance, and they may not bootstrap materials that go to the merits of the issues by submitting them in conjunction with materials that go to standing.[1] Defendants produced a 647-page record that clearly provides a reasonable basis for their decision to implement PACR and HARP. And that record is entitled to a presumption of regularity. *Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019). Plaintiffs' insistence that Defendants *should have considered* other materials in making their decision does not mean that the record is insufficient for review; it simply means that Plaintiffs do not agree with Defendants' decision.

Plaintiffs' argument that Defendants did not consider prior policies, Pls.' Mot. to Strike Opp. at 6-8, is misplaced. Defendants did not need to consider policies regarding ICE detention facilities, as this case concerns detention at CBP facilities. The policies regarding CBP facilities, AR 605-35, remain the same as they have been for years, and DHS has always had the discretion—although not exercised until recently—to detain aliens in CBP facilities during their credible-fear

---

[1] Defendants do not challenge the following extra-record declarations only to the extent necessary to resolve jurisdictional and standing issues: A.R.R.D. Decl., Dkt. No. 21-5; B.G.R. Decl., Dkt. No. 21-6; A.S.C.R. Decl., Dkt. No. 21-7; A.S.C.R. Supp. Decl., Dkt. No. 35-6; K.M.V. Decl., Dkt. No. 21-8; Corchado Decl., Dkt. No. 21-9; Corchado Supp. Decl., Dkt. No. 35-7.

interviews and reviews. Moreover, the record includes relevant USCIS credible-fear policies, which apply in the same manner to all aliens no matter where they are detained. *E.g.*, AR 405-06 (USCIS Memo, "Reduction of Credible Fear Consultation Period," July 2, 2019); AR 640-43, 645-47 (listing all of the forms and resources that are provided to aliens during the credible-fear interview and review). The PACR and HARP guidance also includes references to these policies, demonstrating that they were considered. AR 640-43, 645-47; *see Cape Hatteras Access Preservation Alliance v. Dep't of Interior*, 667 F. Supp. 2d 111, 114 (D.D.C. 2009) ("If it can be shown that the materials sought to be included in the record before the court, were indeed before the agency, supplementation is appropriate."). Furthermore, Plaintiffs may not amass self-serving, extra-record materials, compile that into an extraneous record, and then submit it to this Court as a basis for arguing that Defendants failed to consider relevant materials, simply because they wish the agency considered other materials. APA review is limited to the "record that was before the Secretary at the time he made his decision," *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971), "not some new record made initially in the reviewing court," *Camp v. Pitts*, 411 U.S. 138, 142 (1973), such as what Plaintiffs believe should have been considered. The court must judge the agency decision based on the information the agency based its decision on, not a new record compiled after the fact, and so this Court cannot rely on Plaintiffs' extra-record materials in assessing whether the PACR and HARP guidance is or is not unlawful.

Additionally, Plaintiffs argue that the Court should consider extra-record evidence because Defendants' "failure to consider important aspects of the problem is a procedural deficiency" rather than an APA merits issue. Pls.' Mot. to Strike Opp. at 9. As explained in Defendants' reply in support of their motion for summary judgment, *see* Defs. Reply I.B, that is incorrect. Plaintiffs challenge PACR and HARP as arbitrary and capricious; they do not (and could not) claim that

Defendants were required to go through notice-and-comment before implementing PACR and HARP, so the procedural injury doctrine is irrelevant. *See Mendoza v. Perez*, 754 F.3d 1002, 1020-21 (D.C. Cir. 2014). Regardless, Plaintiffs' argument is fundamentally at odds with the APA and record review. In Plaintiffs' view, anytime a party asserts an agency action is arbitrary and capricious by virtue of failing to consider factors plaintiffs contend the agency should have considered, that would allow a plaintiff to supplement the record. But that would mean by simply invoking the APA at all, Plaintiffs would be entitled to submit extra-record materials. That is not how APA review works. *See, e.g.*, *Volpe*, 401 U.S. at 420; *Oceana*, 920 F.3d at 865.

Next, despite acknowledging that the record contains documents "discussing conditions at CBP facilities," Plaintiffs contend that the record should contain *more* documents "with further background on the conditions at CBP facilities." Pls.' Mot. to Strike Opp. at 9. But Defendants are unaware of any case law permitting the introduction of evidence for "background" purposes, and Plaintiffs do not challenge the conditions of CBP custody; they assert only that Defendants should have considered those conditions when deciding to implement PACR and HARP. The record includes the CBP National Standards on Transport, Escort, Detention, and Search (TEDS), AR 605-35, and the PACR guidance itself acknowledges that aliens should be transferred from CBP to ICE custody as quickly as operationally feasible, AR 641, 643. Again, Plaintiffs' desire that Defendants *should* have considered other materials does not mean that the record is insufficient for review; it simply means that Plaintiffs do not agree with Defendants' decision, and this is not a valid reason to supplement the record.

Plaintiffs also argue that the Court may consider post-decisional evidence to challenge the decision to implement PACR and HARP. Pls.' Mot. to Strike Opp. at 10-11. That is simply incorrect. Plaintiffs are not bringing an as-applied challenge but rather argue that the decision to

implement PACR and HARP was unreasonable based on the information known to Defendants at that time. The "'exceptions to the normal rule regarding consideration of extra-record materials only apply to information available at the time, not post-decisional information.'" *Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v. Zinke*, 889 F.3d 584, 600-01 (9th Cir. 2018)) (quoting *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1130 (9th Cir. 2012)). "[P]ost-decision information may not be advanced as a new rationalization either for sustaining or attacking an agency's decision because it inevitably leads the reviewing court to substitute its judgment for that of the agency." *Tri-Valley CAREs*, 671 F.3d at 1130-31 (punctuation omitted)).

In any event, even if the Court agrees that the record is insufficient for judicial review, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation," not to create a new record in district court. *Fla. Power & Light Co.*, 470 U.S. at 744. Here, because the current administrative record is not "so deficient as to preclude effective review," Plaintiffs may not construct a new record for purposes of summary judgment. *Hill Dermaceuticals, Inc.*, 709 F.3d at 47.

Plaintiffs alternatively argue that, regardless of whether the Court considers extra-record evidence for their APA claim, they may submit extra-record evidence because they have invoked a separate due-process claim. Pls.' Mot. to Strike Opp. at 12-14. Plaintiffs are wrong. Plaintiffs' due-process claim is redundant of their APA claim asserting the same injury—the alleged unlawfulness of the PACR and HARP guidance. *See* Defs. Reply II.B. Plaintiffs should not be permitted an end-run around the record rule merely because their counsel are adept at dressing up standard administrative-law claims in constitutional garb. *See, e.g.*, *Markham v. United States*, 434 F.3d 1185, 1187–88 (9th Cir. 2006); *Czerkies v. U.S. Dep't of Labor*, 73 F.3d 1435, 1433 (7th Cir. 1996) (en banc) ("The government does not violate the Constitution every time it mistakenly

denies a claim for benefits .... This is a case of a claim for benefits 'cloaked in constitutional terms.' Czerkies has affixed the constitutional label to a garden-variety claim for benefits[.]")); *Sugrue v. Derwinski*, 26 F.3d 8, 10–11 (2d Cir. 1994). In short, the Court should not judge Plaintiffs' constitutional cause of action on the basis of a different record, created for the first time in this Court.

This rule of administrative law has been accepted by the vast majority of courts across the country and, more importantly, is the rule adopted by numerous judges in this district court. As Judge Boasberg recently explained, "when a constitutional challenge to agency action requires evaluating the substance of an agency's decision made on an administrative record, that challenge must be judged on the record before the agency." *Bellion Spirits, LLC v. United States*, 335 F. Supp. 3d 32, 43 (D.D.C. 2018) (collecting cases). The reason is simple: "permitting a broader record on judicial review for a constitutional claim would 'incentivize every unsuccessful party to agency action to allege bad faith, retaliatory animus, and constitutional violations to trade in the APA's restrictive procedures for the more even-handed ones of the Federal Rules of Civil Procedure.'" *Id.* (quoting *Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Serv.*, 58 F. Supp. 3d 1191, 1237-38 (D.N.M. 2014)). In that case, the plaintiff brought claims under the APA and both the First and Fifth Amendments. Much like this case, the *Bellion* plaintiff sought to supplement the record with two peer-reviewed scientific articles and three declarations—arguing that his constitutional claims should provide him with an opportunity to go beyond the administrative record. *Id.* at 36. Judge Boasberg disagreed that constitutional claims somehow changed the rules of how to judge an agency's actions as revealed by the record. *See id.* at 43-44.

Finally, Plaintiffs argue that their extra-record evidence is necessary to support their request for specific injunctive relief. Pls.' Mot. to Strike Opp. at 12-14. But as Defendants have

explained, injunctive relief is statutorily prohibited in this case, Defs. Br. 38-42, and thus there is no reason to consider Plaintiffs' evidence on this point. Moreover, if the Court were to consider such evidence to determine the scope of relief, it could do so only in the context of deciding whether Plaintiffs have shown irreparable harm and not to decide the merits of Plaintiffs' claims, as explained above.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion and strike "Plaintiffs' Statement of Undisputed Facts" (ECF No. 35-2); strike Plaintiffs' exhibits (ECF No. 21-2, ECF No. 21-3, ECF No. 21-4, ECF No. 21-5, ECF No. 21-6, ECF No. 21-7, ECF No. 21-8, ECF No. 21-9, ECF No. 21-10, ECF No. 21-11, ECF No. 21-12, ECF No. 21-13, ECF No. 21-14, ECF No. 21-15, ECF No. 21-16, ECF No. 21-17, ECF No. 21-18, ECF No. 21-19, ECF No. 21-20, ECF No. 21-21, ECF No. 22 (under seal), ECF No. 35-4, ECF No. 35-5, ECF No. 35-6, ECF No. 35-7, ECF No. 35-8, and ECF No. 35-9); and decline to consider these materials and all other extra-record materials cited by Plaintiffs in support of their motion for summary judgment (ECF No. 35) or in opposition to Defendants' motion for summary judgment (ECF No. 57), except to the extent necessary to resolve jurisdictional and standing issues.

//

//

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

SCOTT G. STEWART
Deputy Assistant Attorney General

WILLIAM C. PEACHEY
Director

Dated: February 15, 2020          */s/ Erez Reuveni*_____
                                  EREZ REUVENI
                                  Assistant Director
                                  U.S. Department of Justice, Civil Division
                                  Office of Immigration Litigation
                                  District Court Section
                                  P.O. Box 868, Ben Franklin Station
                                  Washington, D.C. 20044
                                  Tel: (202) 307-4293
                                  Email: Erez.R.Reuveni@usdoj.gov

                                  *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that, on February 15, 2020, I electronically filed the foregoing with the

Clerk of Court by using the CM/ECF system, which will deliver a copy to all counsel of record.

*/s/ Erez Reuveni*
EREZ REUVENI
United States Department of Justice