**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Las Americas Immigrant Advocacy Center, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Case No. 1:19-cv-3640-KBJ |
| ) | |
| Chad F. Wolf, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' MEMORANDUM RESPONDING TO THE COURT'S APRIL 23, 2020
MINUTE ORDER**

## INTRODUCTION

The Defendants submit this memorandum responding to the Court's minute order entered on April 23, 2020. As explained below, because *L.M.-M. v. Cuccinelli*, No. CV 19-2676 (RDM), 2020 WL 985376 (D.D.C. Mar. 1, 2020), set aside United States Citizenship and Immigration Services ("USCIS")'s policy limiting the consultation window prior to a credible fear interview to 24-hours (the "24-hour consultation policy"), that policy is no longer in effect, including as part of the Prompt Asylum Claim/Screening Review ("PACR" or "PASR") and Humanitarian Asylum Review Process ("HARP") programs at issue in this case. Instead, since March 2, 2020, the previous USCIS policy, establishing at least a 48-hour consultation period, has been in effect. Because USCIS's 24-hour consultation policy is one of the central policies used in PACR and HARP concerning consultation and access to counsel and no longer exists, and because the agency has reverted to the prior consultation period of at least 48 hours, it is impossible for this Court to assess whether PACR and HARP as challenged in the complaint and as presented to the Court in the government's administrative record are unlawful. At a minimum, the reinstatement of the consultation period of at least 48 hours moots all of Plaintiffs' claims that require assessing the legality of the 24-hour consultation policy as part of any determination as to whether PACR and HARP are unlawful. Finally, should this Court find Plaintiffs entitled to any relief on the remaining merits claims,  it should limit that relief as Judge Moss did in *L.M.-M.* to the "determination" authorized by 8 U.S.C. § 1252(e)(3), that is, a "declaratory judgment[] relating to the 'implementation of' the expedited removal provisions" under section 1225(b)(1), challenged in this case. *L.M.-M.*, 2020 WL 985376, at *24.

## BACKGROUND

Plaintiffs—ten individuals and one organization—initiated this suit on December 5, 2019. In the operative complaint they generally claim that PACR and HARP are unlawful because, they

allege, aliens in Customs and Border Protection ("CBP") custody have inadequate access to counsel during the credible-fear interview process. Am. Compl. ¶¶ 200-13. Plaintiffs bring six claims. First, Plaintiffs claim that PACR and HARP violate 8 U.S.C. § 1225(b)(1)(B)(iv), which governs an alien's right to "consult" with counsel prior to a credible fear interview, "by preventing individuals from accessing counsel or otherwise consulting with individuals of their choosing during the credible fear process." Am. Compl. ¶ 201. Second, Plaintiffs claim that PACR and HARP violate 8 C.F.R. § 208.30(d)(4), the regulation governing the right to "consult" in credible fear interviews, "by preventing individuals from accessing counsel or otherwise consulting with individuals of their choosing during the credible fear process" and "by preventing counsel and other individuals that asylum seekers choose to consult from being present at the credible fear interview." Am. Compl. ¶ 203. Third, Plaintiffs claim that PACR and HARP violate 8 U.S.C. § 1362 and 5 U.S.C. § 555(b) "by preventing individuals from accessing counsel during the credible fear process, including in the credible fear interview itself." Am. Compl. ¶ 206. Fourth, Plaintiffs claim that PACR and HARP violate the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2), because they are "arbitrary, capricious, an abuse of discretion, and contrary to law" for, among other things, "fail[ing] to consider" "that the programs deny asylum seekers the ability to consult with counsel" and "the effect of the conditions of confinement in CBP facilities on asylum seekers' credible fear interviews." Am. Compl. ¶ 208. Fifth, Plaintiffs claim that PACR and HARP violate the Immigration and Nationality Act ("INA"), implementing regulations, the Convention Against Torture ("CAT"), and the Foreign Affairs Reform and Restructuring Act of 1998 (FARRA) by "effectively denying a meaningful opportunity to consult with and be assisted by attorneys or other individuals prior to and during the credible fear process and the immigration judge review process, and to have attorneys or others present at the credible fear interview," and by "maintaining conditions that hinder the ability to meaningfully participate in credible fear proceedings." Am.

Compl. ¶ 209. Sixth, Plaintiffs claim that PACR and HARP violate the Due Process Clause by "effectively denying a meaningful opportunity to consult with, and be assisted by, attorneys or others prior to and during the credible fear process and the immigration [judge] review process, and to have attorneys or others present at the credible fear interview," and by "effectively denying a meaningful opportunity to apply for asylum, withholding of removal under 8 U.S.C. § 1231(b)(3), and relief from removal under CAT." Am. Compl. ¶ 213.

After oral argument in this case on February 18, 2020, another judge in this district issued a decision in *L.M.-M. v. Cuccinelli*, No. 19-2676 (RDM), 2020 WL 985376 (D.D.C. Mar. 1, 2020). In that case, Plaintiffs challenged the legality of, among other things, a July 2, 2019 memorandum issued by then USCIS Acting Director Kenneth Cuccinelli that rescinded the prior policy allowing for at least 48 hours for an alien to consult with an attorney prior to a credible fear interview, replacing it with a policy limiting such consultation to 24 hours. AR 405-06. Plaintiffs alleged that the 24-hour consultation policy was invalid because it was issued by Mr. Cuccinelli, whose appointment violated the Federal Vacancies Reform Act of 1998 ("FVRA"), and that the 24-hour consultation policy was contrary to the INA, its implementing regulations, and the Rehabilitation Act, was arbitrary and capricious, and was improperly issued without notice-and-comment procedures. *See L.M.-M.*, 2020 WL 985376 at *2. On March 1, Judge Moss issued a decision finding that the policy was unlawful under the FVRA, and issued a declaratory order setting that policy aside. *Id.*, *24-25. The court declined to rule on plaintiffs' remaining claims or to issue an injunction, and issued partial final judgment under Rule 54 as to the FVRA claim on April 16, 2020. *See* Dkt. 36, 37, No. 19-2676.

In response to the decision in *L.L.M.*, on March 1 and March 2, 2020, USCIS reverted to its prior consultation policy of at least 48 hours, beginning at arrival at a DHS facility or at orientation, whichever comes later. Decl. of Ashley B. Caudill-Mirillo, ¶¶ 6-9. Since that date, all

individuals processed in the PACR and HARP programs have received at least 48 hours to consult with a person of their choosing, including an attorney, prior to their credible fear interview. *Id.*

**ARGUMENT**

**I.      Plaintiffs' Challenge to the 24-Hour Consultation Period is Moot.**

"The mootness doctrine limits Article III courts to deciding 'actual, ongoing controversies.'" *Pharmachemie B.V. v. Barr Labs., Inc.*, 276 F.3d 627, 631 (D.C. Cir. 2002). "A case is moot if 'events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future." *Id.* at 701 (quoting *Transwestern Pipeline Co. v. FERC*, 897 F.2d 570, 575 (D.C. Cir. 1990)). Thus, "Article III denies federal courts the power to decide questions that cannot affect the rights of litigants in the case before them, and confines them to resolving real and substantial controvers[ies] admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990).

That is the case here. In this case, Plaintiffs allege that PACR and HARP are unlawful because aliens in CBP custody rather than U.S. Immigration and Customs Enforcement ("ICE") custody have inadequate access to counsel during the credible -fear process. Am. Compl. ¶¶ 200-13. Central to those allegations is Plaintiffs' claim that aliens have insufficient time to prepare for their credible fear interviews while in CBP custody. *See, e.g.*, Dkt. 35-1 at 21-22 (asserting that "[t]he credible fear interview happens extremely quickly after initiation of the credible fear process—potentially, as soon as one full calendar day," and that aliens in CBP custody lack sufficient time "in a single 24-hour period" to effectively consult counsel or prepare for credible fear interview); *see also* Tr. 8:7-9 (counsel explaining Plaintiffs' view that what is unlawful in this case is *both* the "24 hours or one calendar day" consultation period and alleged "additional

restrictions" established by PACR and HARP). Indeed, at argument counsel made clear that in their view "a reduction" from at least 48 hours to "24 hours," is part of why they believe holding aliens in CBP custody for the PACR and HARP programs is unlawful. Tr. 36:4-7.

But all agree in this case, the "24 hours comes from the Cuccinelli memo," that is, the 24-hour consultation policy. Tr. 73:25-74:1-2; Decl. ¶¶ 4-5. Another court in this jurisdiction has now set aside the Cuccinelli memo establishing the 24-hour consultation policy. Because the 24-hour consultation policy is no longer in effect, all aliens in PACR and HARP now receive at least 48 hours to consult with an attorney, or any other person of their choosing, the policy that was in effect prior to July 2, 2019. Accordingly, all claims in this case challenging PACR and HARP premised in part on the existence of the 24-hour consultation policy as it applies in PACR and HARP are now moot. "[I]t is [now] impossible for [the] court to grant any effectual relief whatever to the prevailing party," *Chafin v. Chafin*, 568 U.S. 165, 172 (2013), on the issue of whether PACR and HARP are unlawful, because a central component of Plaintiffs' challenge is that the 24-hour consultation policy, coupled with other aspects of PACR and HARP, violate the INA, the relevant implementing regulations, the APA, and the Due Process Clause. Am. Comp. ¶¶ 201-13.

Indeed, the fact that one of USCIS's central policies applied in PACR and HARP concerning consultation and access to counsel no longer exists, and that the agency has reverted to the prior consultation period of at least 48 hours, renders it impossible for this Court to assess whether PACR and HARP as challenged in the complaint and as presented to the Court in the government's administrative record is unlawful. In this Circuit, an intervening change to a policy, even if partial, can render the entirety of a case moot. *See, e.g.*, S*ave Our Cumberland Mountains, Inc. v. Clark*, 725 F.2d 1422, 1432 n.27 (D.C. Cir. 1984) ("There is no question that a case can be mooted by promulgation of new regulations or by amendment or revocation of old regulations."); *accord Nat'l Mining Ass'n v. United States DOI*, 251 F.3d 1007, 1011 (D.C. Cir 2001) ("The old

set of rules, which are the subject of this lawsuit, cannot be evaluated as if nothing has changed. A new system is now in place. We therefore must vacate this aspect of the district court's decision as moot."); *Natural Resources Defense Council, Inc. v. United States Nuclear Regulatory Comm'n*, 680 F.2d 810, 814-15 (D.C. Cir. 1982) ("Corrective action by an agency is one type of subsequent development that can moot a previously justiciable issue."). That is because in order to provide Plaintiffs relief in this case, the Court now would have to assess a version of PACR and HARP that no longer exists. *See Arizona Public Service Co. v. EPA*, 211 F.3d 1280, 1295–96 (D.C. Cir. 2000) (holding moot a challenge to an EPA rule after the agency issued a "clarification" altering the regulation). A "fundamental defect" that Plaintiffs alleged to previously exist in these policies no longer exists. *See Citizens for Responsibility & Ethics in Washington v. Wheeler*, 352 F. Supp. 3d 1, 12 (D.D.C. 2019); *Zukerman v. United States Postal Serv*., 384 F. Supp. 3d 44, 55 (D.D.C. 2019) (concluding that plaintiff's claims were moot where there were "key distinctions between the two regimes"). And Plaintiffs neither challenge the 48-hour consultation period in their complaint, nor include any argument in their briefing that PACR and HARP would be unlawful with a 48-hour consultation period, as they have now been modified to include as a result of Judge Moss's decision. Their claims are therefore moot.

Plaintiffs might argue that the change in PACR and HARP precipitated by Judge Moss's decision in *L.M.-M.* has not altered PACR and HARP. As explained, that is not the case. But even if it was, at a minimum the reinstatement of the consultation period of at least 48 hours moots Plaintiffs' claims that require assessing the legality of the 24-hour consultation policy as part of the legal analysis. "[A]llegations of legal wrongdoing must be grounded in a concrete and particularized factual context; they are not subject to review as free-floating, ethereal grievances." *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1111 (10th Cir. 2010). At a minimum, that includes portions of each of Plaintiffs' claims, including their claims that PACR

and HARP (1) violate 8 U.S.C. § 1225(b)(1)(B)(iv), "by preventing individuals from accessing counsel or otherwise consulting with individuals of their choosing during the credible fear process," Am. Compl. ¶ 201; (2) violate 8 C.F.R. § 208.30(d)(4), "by preventing individuals from accessing counsel or otherwise consulting with individuals of their choosing during the credible fear process," Am. Compl. ¶ 203; (3) violate 8 U.S.C. § 1362 and 5 U.S.C. § 555(b) "by preventing individuals from accessing counsel during the credible fear process," Am. Compl. ¶ 206; (4) violate the APA, 5 U.S.C. § 706(2), because the guidance is "arbitrary, capricious, an abuse of discretion, and contrary to law" for, among other things, "fail[ing] to consider" "that the programs deny asylum seekers the ability to consult with counsel, Am. Compl. ¶ 208; (5) violate the INA, implementing regulations, CAT, and FARRA by "effectively denying a meaningful opportunity to consult with and be assisted by attorneys or other individuals prior to and during the credible fear process and the immigration judge review process, Am. Compl. ¶ 209; (6) violate the Due Process Clause by "effectively denying a meaningful opportunity to consult with and be assisted by attorneys," and by "effectively denying a meaningful opportunity to apply for asylum, withholding of removal under 8 U.S.C. § 1231(b)(3), and relief from removal under CAT." Am. Compl. ¶ 213. The merits of each of those specific claims is based on USCIS's  24-hour consultation policy and now cannot be resolved without assessing the interaction between a 48-hour period to consult and other aspects of PACR and HARP as they now exist.

Nor does any exception to the mootness doctrine apply. The first exception, "that the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, yet there is a demonstrated probability that the same controversy will recur involving the same complaining party," has no bearing here. *Am. Bar Ass'n v. F.T.C.*, 636 F.3d 641, 647 (D.C. Cir. 2011). "[R]ecurrence of the challenged activity will not 'evade review' should the parties' dispute recur," for the simple reason that should the government again institute a 24-hour

consultation period in a new context, it "will be subject to judicial review at that time." *Id.*
Likewise, nothing prevents Plaintiffs affected by PACR and HARP as they *presently* exist from
filing a complaint and challenging the *current* policies. "[A]ny new [policy] will be in no danger
of expiring before judicial review is complete, and it would be entirely inappropriate for this court
to ... issue an advisory opinion to guide the agency's" future actions. *National Wildlife Federation
v. Hodel*, 839 F.2d 694, 742 (D.C. Cir. 1988).

Nor does the "second exception" which "involves a party's 'voluntary cessation' of the
challenged activity" in "order to avoid litigation" apply. *Am. Bar Ass'n*, 636 F.3d at 648. That
exception does not apply where the agency's change of policy is "not voluntary," *id.*, or the
voluntary cessation does not "arise[] because of the litigation." *Gutierrez v. U.S. Dep't of
Homeland Sec.*, No. CV 18-1958 (PLF), 2019 WL 6219936, at *6 (D.D.C. Nov. 21, 2019); *accord
Wheeler*, 352 F. Supp. 3d at 13 ("The voluntary-cessation exception to the mootness doctrine does
not apply when the voluntary cessation of the challenged activity occurs because of reasons
unrelated to the litigation."). Instead, USCIS no longer applies the 24-hour consultation policy to
aliens in PACR and HARP because that policy was set aside in separate litigation. *Am. Bar Ass'n*,
636 F.3d at 648 ("The agency most assuredly did not alter its definition of 'creditor' in order to
avoid litigation. Rather, intervening legislation simply nullified the [agency's] policy statement
that all lawyers who bill their clients after services are rendered are covered by [prior legislation].
This scenario is not within the compass of the voluntary cessation exception to mootness."); *cf.
Campbell v. Clinton*, 203 F.3d 19, 34 n. 14 (D.C. Cir. 2000) ("The President's cessation of the
attack on Yugoslavia was not 'voluntary' … ; the war ended because the United States won, not
because the President sought to avoid litigation.").

And even if the fact that the 24-hour consultation policy no longer exists does not give rise
to mootness for Article III purposes, "common sense or equitable considerations may justify a

decision not to decide a case on the merits." *In re AOV Indus., Inc.*, 792 F.2d 1140, 1147 (D.C. Cir. 1986). As discussed, virtually all of Plaintiffs' claims are inextricably intertwined with the question of whether USCIS's 24-hour consultation policy coupled with other aspects of PACR and HARP is unlawful. But now USCIS applies at least a 48-hour consultation policy to aliens in PACR and HARP, and Plaintiffs' claims can no longer be assessed for legality based on the facts as they existed at the time they filed their complaint. Accordingly, the Court may dismiss Plaintiffs' claims as moot, without prejudice to their filing a new suit challenging PACR and HARP as they presently exist.

Finally, although in some circumstances there may be an exception to mootness where a party is seeking further review of the ruling that set aside the challenged policy, that rule does not apply here. That rule applies only where the losing party in an early case that set aside a policy that is also subject to challenge in a later case "continues to oppose" the judgment in the earlier case and represents that it will seek further review of the decision. *See, e.g.*, *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 n.7 (2005) (Delaware Supreme Court ruling did not render similar action moot, because defendant "will petition [the U.S. Supreme] Court for a writ of certiorari"); *Myer v. Americo Life, Inc.*, 469 F.3d 731, 733 (8th Cir. 2006) ("Americo argues that Myer's appeal is now moot because the Texas state court has confirmed the arbitration award … . This appeal is not moot, however, because Myer indicated at oral argument that he would appeal the Texas state court's decision"). But here, the government has not indicated that it will pursue appeal in *L.M.-M.*, and when the date to appeal lapses, the "controversy therefore [will not] remain[] live." *Exxon*, 544 U.S. at 291 n.7.[1]

---

[1] The government's appeal deadline is June 16, 2020. However, given that the government has not yet indicated that it will appeal, the Court should decline to issue any final decision in this case until it is clear whether the issues presented by the 24-hour consultation policy are moot. The Court

*Continued on next page.*

## II.      Section 1252(e)(3) Authorizes Only a Declaratory Remedy.

If the Court determines that Plaintiffs prevail on any of their claims, as Judge Moss recently held in *L.L.-M.*, the sole available remedy is a declaratory remedy. With respect to any challenge—like this case—arising under section 1252(e)(3), 8 U.S.C. § 1252(e)(1)(A), titled "Limitations on relief," provides that "[w]ithout regard to the nature of the action or claim and without regard to the identity of the party or parties bringing the action, no court may—(A) enter declaratory, injunctive, or other equitable relief in any action pertaining to an order to exclude an alien in accordance with section 1225(b)(1) of this title except as specifically authorized in a subsequent paragraph of this subsection." Section "1252(e)(3) provides one such authorization." *See Vijender v. Wolf*, No. 19-cv-3337, 2020 WL 1935556, at *4 (D.D.C. Apr. 22, 2020) (Mehta, J.). But the only relief explicitly authorized in a section 1252(e)(3) case is a "determination" that the challenged policy is unlawful. 8 U.S.C. § 1252(e)(3)(A). That determination constitutes a "declaratory judgment[] relating to the 'implementation of' the expedited removal provisions" under section 1225(b)(1). *L.M.-M.*, 2020 WL 985376, at *24. As such, if any remedy is warranted, it is limited to set aside relief; the Court lacks authority under section 1252(e)(1) to enter an injunction, or any other prospective equitable relief. *See* 8 U.S.C. § 1252(e)(1).[2]

//

//

---

may consider mootness issues prior to the date a case actually becomes moot under the "prudential mootness" doctrine. *See MBIA Ins. Corp. v. FDIC*, 708 F.3d 234, 245 (D.C. Cir. 2013); *accord Chamber of Commerce v. Dep't of Energy,* 627 F.2d 289, 291 (D.C. Cir. 1980). The government shall promptly inform this Court when it reaches a final decision on appeal in *L.M.-M.*

[2] As counsel indicated at oral argument, Tr. 19:12-21:14, the issue of what type of plaintiff (organizational or individual) may invoke section 1252(e)(3) and what relief, if any, is authorized in a suit under 8 U.S.C. § 1252(e)(3) is presently pending before the Court of Appeals in two cases: *Grace v. Barr*, No. 19-5013 (D.C. Cir.) and *Make the Road New York v. Wolf*, No. 19-5298 (D.C. Cir.). Oral argument was held in *Grace* on December 9, 2019, and in *Make the Road* on March 6, 2020. As indicated at argument, Defendants do not oppose holding this case in abeyance until either of those cases is resolved by the Court of Appeals. Tr. 19:12-21:14.

Dated: May 4, 2020                          Respectfully submitted,

                                            JOSEPH H. HUNT
                                            Assistant Attorney General

                                            WILLIAM C. PEACHEY
                                            Director

                                            */s/ Erez Reuveni*____
                                            EREZ REUVENI
                                            Assistant Director
                                            U.S. Department of Justice, Civil Division
                                            Office of Immigration Litigation
                                            District Court Section
                                            P.O. Box 868, Ben Franklin Station
                                            Washington, D.C. 20044
                                            Tel: (202) 307-4293
                                            Email: Erez.R.Reuveni@usdoj.gov

                                            BRIAN C. WARD
                                            Senior Litigation Counsel

                                            *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 4, 2020, I electronically filed the foregoing with the Clerk

of Court by using the CM/ECF system, which will deliver a copy to all counsel of record.

*/s/ Erez Reuveni*
EREZ REUVENI
United States Department of Justice