UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Las Americas Immigrant Advocacy Center., *et al.*, | ) ) ) ) |
| Plaintiffs, | ) ) Civil Action No. 1:19-cv-3640-KBJ |
| v. | ) ) ) |
| Chad Wolf, *et al.*, | ) ) ) |
| Defendants. | ) ) ) |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

The government respectfully brings to the Court's attention the D.C. Circuit's recent decision in *Make the Road New York v. Wolf*, 962 F.3d 612 (D.C. Cir. 2020). *Make the Road* confirms what the government has argued in this case—that any relief must be limited to "individuals" who are directly "aggrieved" by the challenged programs and who are parties to this case. *Id*. at 628.

Plaintiffs, however, seek broad relief on behalf of individuals who are not parties to this case. They argue that they have standing to seek such relief based on the claims of an organizational plaintiff, Las Americas Immigrant Advocacy Center, that they assert (1) has standing "of its own accord" under *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), because it alleges that it has diverted resources in response to PACR and HARP and thus has "direct organizational standing"; and, (2) third-party standing on behalf of individuals that the organization does not represent. *See* ECF No. 57, Plaintiffs' Opposition and Reply, at 8-11, 13-16. But, as the government explained, Plaintiffs invoke this Court's jurisdiction solely under 8 U.S.C. § 1252(e)(3), a provision that allows only individual aliens—not organizations—to bring certain

1

challenges related to expedited removal. *See* ECF No. 49-1, Defendants' Cross Motion, at 14-16; *see also id.* at 18-21; *AILA v. Reno*, 119 F.3d 1352, 1360 (D.C. Cir. 2000) ("Congress meant to allow litigation challenging the new [expedited removal] system by, and only by, aliens against whom the new procedures had been applied.").

In *Make the Road*, the D.C. Circuit affirmed *AILA*'s holding that Congress intended "that litigation [under 8 U.S.C. § 1252(e)(3)] could be brought by affected individuals themselves" and foreclosed "organizational standing by [AILA] itself as a basis to sue under Subsection 1252(e)(3)." 962 F.3d at 627-28. While *Make the Road* leaves open the possibility of associational standing where "aggrieved individuals … band together through a representative association … to remedy the individual members' injuries," depending on the circumstances in a particular case, *id.* at 628, Las Americas does not assert associational standing in this case, and nothing in *Make the Road* says that an organization can sue to remedy alleged injuries to an organization or to non-parties under § 1252(e)(3).[1]

In addition to clarifying that organizational standing under *Havens* cannot be a basis for a suit under § 1252(e)(3), *Make the Road* also rejects Plaintiffs' argument that organizations can establish third-party standing for § 1252(e)(3) claims. Plaintiffs had argued that "*AILA* does not foreclose third-party standing under § 1252(e)(3)," ECF No. 57, at 15, but *Make the Road* says precisely the opposite: "[AILA] rejected third-party organizational standing … under [§] 1252(e)(3)," 962 F.3d at 627. Plaintiffs' argument for third-party standing, *see* ECF No. 57, at

---

[1] *Havens* in contrast involved a statute that created a private right of action that extended to "associations" in addition to individuals. *See People for the Ethical Treatment of Animals v. U.S. Dep't of Agric.*, 797 F.3d 1087, 1100 (D.C. Cir. 2015) (Millett, J., dubitante). As the court noted in *AILA*, Congress can "grant an express right of action" to persons or organizations that otherwise would lack standing, but did not do so in § 1252(e)(3). *AILA*, 119 F.3d at 1358; *see also* Defendants' Cross Motion, at 18.

13-16, is precisely the type of standing argument that *AILA*—and now *Make the Road*—held is insufficient, where the organization seeks to vindicate "not their rights or the rights of their members, but the constitutional and statutory rights of unnamed aliens who were or might be subject to the [challenged practice]." 962 F.3d at 628.

Accordingly, even if Plaintiffs prevail on any of their claims, for the reasons previously explained, any relief must be sharply limited. *See* ECF No. 49-1, Defendants' Cross Motion, at 38-42.

Dated: August 5, 2020                    Respectfully submitted,

                                          ETHAN P. DAVIS
                                        Acting Assistant Attorney General

                                        WILLIAM C. PEACHEY
                                        Director

                                        EREZ REUVENI
                                        Assistant Director

                                    By: /s/ *Brian C. Ward*
                                        BRIAN C. WARD
                                        Senior Litigation Counsel
                                        U.S. Department of Justice, Civil Division
                                        Office of Immigration Litigation
                                        District Court Section
                                        P.O. Box 868, Ben Franklin Station
                                        Washington, DC 20044
                                        Tel: (202) 616-9121
                                        Email: brian.c.ward@usdoj.gov

                                        *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2020, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of for the District of Columbia by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

                                                  By: */s/ Brian C. Ward*
                                                       BRIAN C. WARD
                                                       Senior Litigation Counsel
                                                       United States Department of Justice