UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Las Americas Immigrant Advocacy Center., *et al.*,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>Chad Wolf, *et al.*,<br><br>　　　　Defendants. | Civil Action No. 1:19-cv-3640-KBJ |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

The government respectfully brings to the Court's attention a recent decision in *CASA de Maryland v. Trump*, No. 19-2222, 2020 WL 4664820 (4th Cir. Aug. 5, 2020). *CASA* supports the government's argument that Plaintiffs cannot establish standing under *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1975).

As an initial matter, Plaintiffs cannot establish organizational standing under *Havens* because they invoke jurisdiction solely under 8 U.S.C. § 1252(e)(3), and that provision permits suits only by individual aliens, not by organizations. *See* ECF No. 49-1, Defendants' Cross Motion, at 1416. The D.C. Circuit recently affirmed this in *Make the Road New York v. Wolf*, 962 F.3d 612 (D.C. Cir. 2020). *See* ECF No. 68, Defendants' Notice of Supplemental Authority; ECF No. 70, Defendants' Response to Plaintiffs' Notice of Supplemental Authority, at 2-4.[1]

*CASA* confirms that, even if organizational standing under *Havens* were a permissible basis to bring suit here, Plaintiff Las Americas' allegations are insufficient to establish standing because,

---

[1] *Make the Road* left open the possibility of associational standing, but Las Americas does not allege associational standing in this case. *See* ECF No. 68, at 2.

1

unlike the organization in *Havens*, Las Americas does not allege that the challenged policies directly impair its ability to function. In response to the government's argument that Las Americas does not have standing, Plaintiffs argued that it has standing "of its own accord" under *Havens* because Las Americas' mission is to provide "direct legal services to low-income immigrants, including asylum seekers"; a mission that they say has been interfered with by alleged difficulties communicating with certain aliens as a result of PACR and HARP. *See* ECF No. 57, Plaintiffs' Opposition and Reply, at 8-9. They allege that they are expending more resources with respect to "prospective clients" in PACR and HARP because they have to "verify the location of someone in CBP custody," and argue under *Havens* that a policy that impairs an organization's ability to provide "counseling, referral, advocacy, and educational services" is enough to establish standing. *Id*. at 9. They also allege that Las Americas has "used its resources to counteract the injury" because it "must spend significantly more time on each case, solely in attempting to contact the prospective client." *Id*. at 9-10.

*CASA* holds that these allegations are insufficient to establish standing under *Havens*. As the court explained, "[o]rganizational injury, properly understood, is measured against a group's ability to *operate* as an organization, not its theoretical ability to *effectuate* its objectives in its ideal world." *CASA*, 2020 WL 4664820, at *9. It is not enough that an organization has diverted resources to better effectuate those objectives or has made voluntary choices to devote additional resources "to provide counseling, referral, or other services to immigrants." *Id*. The diversion of resources must be aimed at counteracting a direct injury to the organization's "ability to *function*." *Id*. Even if an organization "feels strongly that it must reallocate resources to best serve its members amidst a changing legal landscape" and "would prefer to operate in an environment where the [challenged agency action] does not exist," "[r]esource reallocations motivated by the

dictates of preference, however sincere, are not cognizable organizational injuries because no action by the defendant has directly impaired the organization's ability to operate and to function." *Id*. As the government previously noted, Plaintiffs do not allege or argue that Las Americas can no longer provide direct legal services to aliens in the El Paso area as a result of PACR or HARP. ECF No. 59, Defendants' Reply, at 3-5.

*Havens* does not provide for "organizational standing any time a group (1) alleges that a governmental action undermines its policy mission, and (2) spends some money in response to that action." *Id*. at 10. A theory of standing that is based on a party's "philosophical objections to a law," "gripes with how the law is enforced against other persons," or "decisions to voluntarily spend money to combat the effects of a given policy," is in "stark tension with core precepts of standing doctrine" and the "concrete injury required by Art[icle] III." *Id*.; *see also id.* (rejecting view of Article III standing requirements that "essentially waives them for any entity with a policy position and a dollar"). "Basic Article III principles as well as precedent," including decisions from "the Supreme Court all preclude" finding organizational standing based on a "a virtually limitless view of Article III injury that gives short shrift to the separation of powers values that standing doctrine preserves." *Id*. at *8. Bedrock principles of Article III provide that the Court can only hear suits from, and grant relief to, parties that allege a "concrete injury," *id*. at *10, and Las Americas has failed to do so here.

Accordingly, Las Americas lacks standing and should be dismissed as a Plaintiff. Plaintiffs argue that the Court "need not reach the question of Las Americas' direct organizational standing so long as it concludes that the Individual Plaintiffs have standing," ECF No. 57 at 11, however, "every plaintiff 'bears the burden of showing that he has standing for each type of relief sought.'" *CASA*, 2020 WL 4664820, at *25 (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493

(2009)). "[S]tanding is not a clown car into which all interested parties may pile, provided the driver-cum-plaintiff has met its requirements." *Id*. As a result, in *CASA* the court held that the district court erred in granting injunctive relief because "Article III requires" that the remedy "be tailored to" the injury of the party or parties properly before the court. *Id*. at *24. Injunctive relief that is unnecessary, or broader than necessary, to remedy the injury of those parties is improper because it "effectively vitiate[s] th[e] requirement" of Article III that "every plaintiff bears the burden of showing that he has standing for each type of relief sought," and improperly allows "a single plaintiff to obtain equitable relief on behalf of countless non-parties, wholly without inquiry into whether they have suffered or will imminently suffer any injury-in-fact." *Id*. (quotation marks and citation omitted).

For these reasons, as the government has argued, even if the Court finds that Plaintiffs prevail on any of their claims, "the only available remedy would be to issue a determination that PACR and HARP are unlawful and to set aside PACR and HARP, not to issue any kind of injunction, let alone an injunction providing relief to aliens who are not plaintiffs in this suit and who were removed prior to the entry of any order on the merits from this Court." ECF No. 49-1, at 38-42.

//

//

//

Dated: August 14, 2020            Respectfully submitted,

                                              ETHAN P. DAVIS
                                              Acting Assistant Attorney General

                                              WILLIAM C. PEACHEY
                                              Director

                                              EREZ REUVENI
                                              Assistant Director

                                      By: /s/ *Brian C. Ward*
                                              BRIAN C. WARD
                                              Senior Litigation Counsel
                                              U.S. Department of Justice, Civil Division
                                              Office of Immigration Litigation
                                              District Court Section
                                              P.O. Box 868, Ben Franklin Station
                                              Washington, DC 20044
                                              Tel: (202) 616-9121
                                              Email: brian.c.ward@usdoj.gov

                                              *Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2020, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of for the District of Columbia by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

By: */s/ Brian C. Ward*
BRIAN C. WARD
Senior Litigation Counsel
United States Department of Justice
